# FARMERS' LOAN AND TRUST COMPANY v. LAKE STREET ELEVATED RAILROAD CO.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 108.   Argued January 19, 1900. — Decided March 26, 1900.

A suit in equity is commenced by filing a bill of complaint; and this general rule prevails also by statute in Illinois.

As between the immediate parties in a proceeding *in rem* jurisdiction attaches when the bill is filed and the process has issued, and when that process is duly served, in accordance with the rules of practice of the court.

The possession of the *res* in case of conflict of jurisdiction vests the court which has first acquired jurisdiction with power to hear and determine all controversies relating thereto, and, for the time being, disables other courts of coördinate jurisdiction from exercising a like power.

This rule is not restricted, in its application, to cases where property has been actually seized under judicial process before a second suit is instituted in another court, but it applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, liquidate insolvent estates, and in suits of a similar nature, and it is applicable to the present case.

THE Lake Street Elevated Railroad Company was incorporated under the laws of the State of Illinois in the month of August, 1892, with a capital stock of five million dollars, which was increased in the month of April, 1893, to ten millions of dol-

lars, consisting of one hundred thousand shares of the par value of one hundred dollars each.

On April 7, 1893, the company made and delivered a certain mortgage or trust deed to the American Trust and Savings Bank, a corporation of the State of Illinois, and to the Farmers' Loan and Trust Company, a corporation of the State of New York, as trustees, to secure the payment of bonds in the aggregate amount of six million five hundred thousand dollars. The said trust companies duly accepted said trust, and the mortgage was afterwards, on May 6, 1893, recorded in the recorder's office of Cook County, Illinois. The amount and number of said bonds was afterwards, in pursuance of provisions contained in the mortgage, increased to 7574 bonds of the par value of $1000 each, making the total mortgage indebtedness $7,574,000. The mortgage contained the usual provisions authorizing the trustees, in case of default in payment of the interest coupons for a period of six months, to declare the entire principal debt to have become due and payable, and to proceed by foreclosure or otherwise to enforce the terms of the mortgage.

On January 30, 1896, at ten o'clock and thirty-five minutes A.M., the Farmers' Loan and Trust Company, as a corporation of the State of New York, filed in the Circuit Court of the United States for the Northern District of Illinois a bill of complaint against the Lake Street Elevated Railroad Company, the Union Elevated Railroad Company, the Northwestern Elevated Railroad Company, the West Chicago Street Railroad Company and the American Trust and Savings Bank, all corporations organized under the laws of the State of Illinois.

The bill alleged that default had been made by the Lake Street Elevated Company in the payment of all interest coupons payable on the 1st day of July, 1895, and on the 1st day of January, 1896; that the Lake Street Elevated Railroad Company had become insolvent, and was unable to pay its debts and obligations; that a foreclosure suit was necessary, and pending the proceeding that it was expedient and necessary to have a receiver appointed. The bill further alleged

that the Union Elevated Railroad Company, the West Chicago Street Railroad Company and the Northwestern Elevated Railroad Company claimed to have acquired some interest, by lease or otherwise, in the mortgaged property, and that the American Trust and Savings Bank, named as co-trustee in the mortgage, had been requested to join with it as complainant in the bill of foreclosure, but had declined and refused so to do or to take any action in the premises, and was therefore made a party defendant. A subpœna was thereupon issued directed to the several defendants, commanding them to appear and answer on the first Monday of March next thereafter.

On the same day, January 30, 1896, shortly after the said bill had been filed and process had issued, the Lake Street Elevated Railroad Company filed in the Superior Court of Cook County, State of Illinois, a bill of complaint against the Farmers' Loan and Trust Company, the American Trust and Savings Bank and the Northern Trust Company.

The bill, after setting forth the facts attending the issue of the mortgage, alleged that at the time said mortgage was executed and delivered the Farmers' Loan and Trust Company, being a corporation under the laws of the State of New York, had not, and had not since, complied with the laws of the State of Illinois, which required a deposit with the auditor of public accounts for the benefit of the creditors of said company of the sum of two hundred thousand dollars in stocks of the United States or municipal bonds of the State of Illinois, or in mortgages on improved and productive real estate of such State, being first liens thereon, and the real estate being worth at least twice the amount loaned thereon; that, at the time of the execution and delivery and acceptance of said trust under said mortgage, the Lake Street Company, the complainant, did not know that the Farmers' Loan and Trust Company had not complied with the laws of the State of Illinois; and that since the acceptance of said trust the Farmers' Loan and Trust Company had been doing business in the State of Illinois, and had appointed one William Burry as its agent to enforce compliance by the Lake Street Elevated Company with the trusts reposed

in the Farmers' Loan and Trust Company, under said mortgage or deed of trust, and that said Burry, as such agent, had acted and still was acting by virtue of the authority claimed to be vested in the Farmers' Loan and Trust Company under said mortgage.

This bill further alleged that the Lake Street Elevated Railroad Company had been unable to earn sufficient money in operating its railroad to pay the interest upon the bonded indebtedness secured by the said mortgage or deed of trust; that, notwithstanding such fact, one William Ziegler, of New York city, conspiring and confederating with various persons, and altogether representing 610 bonds of the total issue of 7574 bonds, made a demand upon the Farmers' Loan and Trust Company and the American Trust and Savings Bank that they proceed to foreclose said mortgage, and take possession under and by virtue of the powers contained in said mortgage and the authority vested in said trustees, or to file a bill to foreclose such mortgage; that the complainant, the Lake Street Elevated Railroad Company, filed on December 30, 1895, a bill in the Circuit Court of Cook County, Illinois, against said William Ziegler and others, seeking to enjoin them, and each of them, and the Farmers' Loan and Trust Company and the American Trust and Savings Bank, from instituting any proceedings to foreclose said mortgage, and, for reasons set forth, an injunction immediately and without notice was prayed for.

It appears that such an injunction was issued, but that subsequently said cause was, on petition of Ziegler and other bondholders, removed into the Circuit Court of the United States for the Northern District of Illinois.

The bill in the present case proceeded to allege that no other persons than Ziegler and those associated with him as holders of the 610 bonds were asking or demanding of the Farmers' Loan and Trust Company any action or proceeding, but notwithstanding it proposed and would file a bill to foreclose the said mortgage for failure to pay the interest upon the bonded indebtedness; that the holders of 6574 bonds, issued under said mortgage, had requested the trustees to take no action whatsoever under said mortgage or trust deed with reference to the

failure of said company to provide for or pay the interest due July 1, 1895, and January 1, 1896; that the American Trust and Savings Bank, in compliance with said request, declined and refused on January 28, 1896, to join with the Farmers' Loan and Trust Company in any proceedings whatsoever to enforce the provisions or conditions of said mortgage on account of the failure of the company to pay said interest.

The bill further alleged that it was the wish of the holders of over 6500 of said bonds that the Farmers' Loan and Trust Company should be removed from its position as trustee under said mortgage, first, for failure to comply with the laws of the State of Illinois, and, second, for assuming to act or take proceedings under said mortgage, contrary to the request of the holders of a majority of the bonds issued under said mortgage. Thereupon the bill proceeded to pray that a new trustee should be appointed by the court to act, under and by virtue of said mortgage, in place and stead of the Farmers' Loan and Trust Company; that an injunction *pendente lite* should be issued, restraining and enjoining said the Farmers' Loan and Trust Company from taking any proceedings or bringing or prosecuting any suit or suits, or acting in any manner whatsoever under and by virtue of the terms, provisions and conditions of said mortgage or deed of trust, and that, upon final hearing, said injunction should be made perpetual; and for other and further relief. A writ of injunction was forthwith issued and served.

On January 31, 1896, the Farmers' Loan and Trust Company filed, in the Superior Court of Cook County, its petition to remove said cause into the Circuit Court of the United States. The petition alleged that the Farmers' Loan and Trust Company was a corporation organized under the laws of the State of New York, and a citizen thereof; that the Lake Street Elevated Railroad Company, the American Trust and Savings Bank and the Northern Trust Company were corporations organized under the laws of the State of Illinois, and citizens thereof; that in said cause there were controversies between citizens of different States, which controversies could be fully determined as between them, and that said controversies were between the petitioner on the one part, and the Lake Street Elevated Railroad Company on the other, and were as follows:

1. A controversy concerning the right of the petitioner to act as trustee under the mortgage. 2. A controversy concerning the removal of the petitioner as trustee under said mortgage. 3. A controversy concerning the enjoining of the petitioner from taking any proceedings or bringing or prosecuting any suits, or acting under and by virtue of the terms, provisions and conditions of the mortgage.

The petition further alleged that if the controversy in the cause was one and inseparable, then such controversy was wholly between citizens of different States, and could be fully determined between them, and that said controversy was between the petitioner on the one part and the Lake Street Elevated Railroad Company on the other part, and that said other defendants, the American Trust and Savings Bank and the Northern Trust Company, were not proper or necessary parties in the cause.

The petition further alleged that on January 30, 1896, it had exhibited in the Circuit Court of the United States for the Northern District of Illinois its bill in chancery for a foreclosure of said mortgage, and in doing so was acting under and by virtue of the terms, provisions and conditions of said mortgage; that its said bill of complaint was filed prior to the commencement of this suit or of any notice thereof to the petitioner, or of any notice to the petitioner of the temporary injunction issued in this cause, and that the suit so commenced by the petitioner is still pending and undetermined; that the bringing of this suit and the issuing of said injunction tends to obstruct and impede the administration and jurisdiction of the said Circuit Court of the United States in the suit so commenced by the petitioner in said Circuit Court of the United States, and interferes with the property thereby brought into said Circuit Court, and that there is therefore involved in this suit a controversy arising under and by virtue of the laws of the United States, which controversy affects the jurisdiction of said Circuit Court of the United States in said cause so commenced therein by the petitioner.

The petition made profert of a bond in the penal sum of five hundred dollars, conditional for the entering in the Cir-

cuit Court of the United States, on the first day of its next session, a copy of the record in this suit, and for paying all costs that might be awarded if said Circuit Court of the United States should hold that this suit was wrongfully or improperly removed thereto.

The petitioner thereupon prayed the court to proceed no further in the cause, except to make an order of removal, as required by law, and to accept said surety and bond, and to cause the record therein to be removed to said Circuit Court of the United States, according to the statute in such case made and provided.

The Superior Court of Cook County having denied the removal, thereafter, on February 4, 1896, the Farmers' Loan and Trust Company procured an order from the Circuit Court of the United States giving leave to file a transcript of the record of this suit in the United States court, whereupon, on that day, such transcript of record was filed and the cause was docketed.

Thereafter motions were severally made by the Lake Street Elevated Railroad Company, the Northern Trust Company and the American Trust and Savings Bank, in the Circuit Court of the United States, for an order remanding the cause to the Superior Court of Cook County. These motions were accompanied by statements denying, among other things, that the suit involved controversies between citizens of different States, and alleging that the bond filed by the petitioner was insufficient in that said bond was not signed by the petitioning company, but by sureties only.

On March 16, 1896, after argument, the Circuit Court of the United States overruled and denied the motions to remand.

In February, 1896, the American Trust and Savings Bank, and on April 24, 1896, the Lake Street Elevated Railroad Company, filed, in the Circuit Court of the United States demurrers to the bill of foreclosure. On April 21, 1896, the Circuit Court, on motion and after argument, set aside the *ex parte* injunction that had been entered by the state court, after the bill of foreclosure had been filed in the Federal court; and thereupon an appeal was taken from this order, setting aside the injunction, to the Circuit Court of Appeals of the Seventh Circuit, which appeal

was, on January 9, 1897, overruled and dismissed. 77 Fed. Rep. 769.

On March 18, 1896, a motion was made in the state court to attach for contempt the attorney of the Farmers' Loan and Trust Company in disobeying the *ex parte* injunctional order. Thereupon the Farmers' Loan and Trust Company entered a special appearance in the state court, and moved to quash the service in the case; and on the same day, on a motion by the counsel of the Lake Street Elevated Company, the court entered an order finding that it had jurisdiction of the parties and the subject-matter, and ordering that the special appearance and. motion by the Farmers' Loan and Trust Company should be stricken from the files as having been improperly and improvidently filed. The Farmers' Loan and Trust Company then applied for leave to enter a general appearance and for time to answer. Leave so to do was granted by the court, on condition that the answer be on or before March 25, 1896. Upon the coming in of the answer on that day the court appointed May 8, 1896, for a final hearing. The Farmers' Loan and Trust Company had leave to file an amended answer, in which, besides denying the several charges made against it in the bill, it was alleged that the state court did not have jurisdiction; that the case had been removed to the Circuit Court of the United States, and that, by reason of the action of that court in refusing, on motion by the Lake Street Elevated Railroad Company, to remand, the state court should not proceed with the case.

On May 28, 1896, the state court made its findings in favor of the Lake Street Elevated Railroad Company, the complainant, and on June 4, 1896, entered a final decree in the case.

By this decree it was decreed that the Farmers' Loan and Trust Company should be and was removed from its position as trustee, and it was further ordered that "the said defendant, the Farmers' Loan and Trust Company, and its attorneys, solicitors, officers, agents and servants, and each and every of them, be and they hereby are perpetually enjoined and restrained from taking any proceedings, or bringing or prosecuting any suit or suits, to foreclose said mortgage or trust deed from said complainant to said American Trust and Savings

Bank and said Farmers' Loan and Trust Company, or acting in any manner whatsoever under and by virtue of the terms, provisions and conditions of said mortgage or trust deed."

It was further ordered that the American Trust and Savings Bank should, by an instrument in writing, appoint a trustee in place of the Farmers' Loan and Trust Company, and that the Farmers' Loan and Trust Company should execute an instrument of transfer to vest in such new trustee " all the property, privileges and rights" of the said Farmers' Loan and Trust Company under said trust deed.

In October, 1896, an appeal from this decree was taken to the Appellate Court for the First District of Illinois; and on February 9, 1897, that court affirmed the decree of the trial court. 68 Ill. App. 666.

On appeal to the Supreme Court of the State the decree of the Appellate Court was affirmed on June 7, 1898. 173 Ill. 439.

It was held by the state courts that the case was not properly removed to the Circuit Court of the United States for the reason that the bond filed with the petition for removal was not signed by the Farmers' Loan and Trust Company, the petitioner, but only by the sureties. Those courts likewise held that the Farmers' Loan and Trust Company was properly removed as trustee because of its non-compliance with the provision of the state statute, requiring foreign trust companies to make a deposit of securities with the state auditor.

On July 7, 1898, a writ of error from this court to the Supreme Court of Illinois was allowed.

*Mr. John J. Herrick* and *Mr. William Burry* for plaintiff in error. *Mr. Herbert B. Turner* was on their brief.

*Mr. Clarence A. Knight* and *Mr. T. A. Moran* for defendant in error. *Mr. Levy Mayer* was on their brief.

MR. JUSTICE SHIRAS, after stating the case, delivered the opinion of the court.

Whether the state courts erred in refusing to accept the peti-

tion and bond filed by the plaintiff in error, the Farmers' Loan and Trust Company, for removal of the cause to the Circuit Court of the United States, and whether the Lake Street Elevated Railroad Company, the American Trust and Savings Bank and the Northern Trust Company, by appearing in the Circuit Court, by moving to remand, by demurring to the bill, after such motion had been overruled, and by appealing to the Circuit Court of Appeals, were estopped from proceeding in the state court, are questions which have been argued at length before us, but which, for reasons presently to be stated, we have not found it necessary to decide.

Apart from those questions, the principal matters in dispute are the legal competency of the Farmers' Loan and Trust Company to act as trustee under the mortgage, and whether, in view of the controversy between the two sets of bondholders in regard to the right and expediency of a foreclosure proceeding, the Farmers' Loan and Trust Company can proceed to enforce the provisions of the mortgage. And these are matters which are necessarily involved, and can be properly raised and determined in the Circuit Court of the United States whose jurisdiction had attached by the filing of the bill of foreclosure before the commencement of the suit in the state court.

The contention that the jurisdiction of the state court first attached because, although the suit therein was not commenced till after the commencement of the suit in the Federal court, the summons issued by the state court was served before the service of the writ of subpoena issued by the Federal court, is not well founded.

A suit in equity is commenced by filing a bill of complaint. Story's Equity Pleading, sec. 7, fourth edition.

Such is also the rule by statute in Illinois. Rev. Stats. Illinois, 1874, c. 22; *Hodgen* v. *Guttery*, 58 Illinois, 431.

It is true that in applying the doctrine of *lis pendens* to the case of a third person who is a *bona fide* purchaser, notice is held to begin from the date of service of the subpoena and not from the filing of the bill. *Miller* v. *Sherry*, 2 Wall. 237, 250; 2 Maddock's Ch. Pr. 325; *Haughwout* v. *Murphy*, 22 N. J. Eq. 536, 545; *Grant* v. *Bennett*, 96 Illinois, 513.

But here no question is presented relating to rights acquired by any third person after the commencement of the suit and before the service of process on the defendants. As between the immediate parties, in a proceeding *in rem*, jurisdiction must be regarded as attaching when the bill is filed and process has issued, and where, as was the case here, the process is subsequently duly served, in accordance with the rules of practice of the court.

The defendants could not defeat jurisdiction thus acquired, and supplant the case, by bringing suit in another court and procuring an *ex parte* injunction seeking to restrain the service of process already issued.

As, then, the bill of foreclosure had been filed in the Circuit Court of the United States, and the jurisdiction of that court had thus attached before the commencement of the suit in the state court, it follows upon principle and authority that it was not competent for the State court to interfere by injunction or otherwise with the proceedings in the Federal court.

The possession of the *res* vests the court which has first acquired jurisdiction with the power to hear and determine all controversies relating thereto, and for the time being disables other courts of coördinate jurisdiction from exercising a like power. This rule is essential to the orderly administration of justice, and to prevent unseemly conflicts between courts whose jurisdiction embraces the same subjects and persons.

Nor is this rule restricted in its application to cases where property has been actually seized under judicial process before a second suit is instituted in another court, but it often applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts or liquidate insolvent estates, and in suits of a similar nature where, in the progress of the litigation, the court may be compelled to assume the possession and control of the property to be affected. The rule has been declared to be of especial importance in its application to Federal and state courts. *Peck* v. *Jenness,* 7 How. 612; *Freeman* v. *Howe,* 24 How. 450; *Moran* v. *Sturges,* 154 U. S. 256; *Central Bank* v. *Stevens,* 169 U. S. 432; *Harkrader* v. *Wadley,* 172 U. S. 148.

We think that this salutary rule is applicable to the present case. The bill filed in the Federal court looked to the enforcement of the trusts declared in the mortgage, the control of the railroad through a receiver, the sale of the railroad, and the final distribution of the assets of the company. Such a proceeding necessarily involves the right of the complainant trustee to act as such, and the determination of the controversy in respect to the ownership of the bonds and to the power of a majority of the bondholders, by an agreement with the stockholders, to dispense with an enforcement of the provisions of the mortgage by judicial proceedings. These questions are not for our consideration, unless and until they are brought before us on appeal from a final decree of the court whose jurisdiction was first legally invoked to determine them.

Our conclusion is that the Superior Court of Cook County erred in its decree perpetually enjoining and restraining the Farmers' Loan and Trust Company, the plaintiff in error, from proceeding with or prosecuting the said foreclosure suit in the Circuit Court of the United States, and from acting in any manner whatsoever under and by virtue of the terms, provisions and conditions of the said mortgage; that the Appellate Court of the First District of Illinois erred in affirming said decree, and that the Supreme Court of Illinois erred in affirming the judgment of the said Appellate Court.

*Accordingly, the judgment of the Supreme Court of Illinois is reversed, and the cause is remanded to that court for further proceedings not inconsistent with this opinion.*