## LAKE STREET ELEVATED RAILROAD COMPANY *v.* FARMERS' LOAN AND TRUST COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 669.  Submitted  May 13, 1901.—Decided May 27, 1901

The action of the Supreme Court of Illinois in this case on April 17, 1901, was a full compliance with the mandate of this court in this case, 177 U. S. 51.

THE case is stated in the opinion of the court.

*Mr. Herbert B. Turner* and *Mr. William Berry* **for the mo**tion to dismiss.

*Mr. Clarence A. Knight* opposing.

MR. JUSTICE SHIRAS delivered the opinion of the court.

When this cause was before us at October term, 1899, it was determined that the jurisdiction of the Circuit Court of the United States for the Northern District of Illinois had attached, as respected the Lake Street Elevated Railroad Company and its property, before the institution, by the Lake Street Elevated Railroad Company, in the Superior Court of Cook County, Illinois, of a suit involving the same parties and questions as those in the Federal court; and, accordingly, it was held that the decree of injunction granted by the Superior Court and affirmed by the Appellate Court and by the Supreme Court of Illinois,

enjoining and restraining the Farmers' Loan and Trust Company from proceeding with its suit in the Circuit Court of the United States, had been improperly granted; and thereupon the judgment of the Supreme Court was reversed, and the cause remanded to that court for further proceedings not inconsistent with the opinion of this court. 177 U. S. 51, 62.

In pursuance of the mandate and in conformity with the opinion of this court, the Supreme Court of Illinois, on April 17, 1901, reversed and set aside the judgment of the Appellate Court and the injunction decree of the Superior Court.

This action of the Supreme Court of Illinois was a full compliance with the mandate of this court.

But it is now complained that the Supreme Court went further, and beyond our mandate, in directing the Superior Court to dismiss the bill; and this writ of error was sued out asking us to supervise and reverse the action of the Supreme Court in that respect.

But the Supreme Court, in directing a dismissal of the bill, was in the exercise of its own jurisdiction over the cause pending in the Superior Court of Cook County. Whether it should order that court to suspend action until the Federal court had exhausted its jurisdiction or to dismiss the bill, leaving the parties to abide by the decree of the court whose jurisdiction had first attached, was for the Supreme Court of Illinois to determine, and as such action in nowise involved any Federal question this court has no jurisdiction to review it.

It cannot be said that, by ordering the dismissal of the bill, the Supreme Court of Illinois passed upon Federal questions involved in the litigation in such a sense as to give this court jurisdiction to review its decree. The record of the case when here before discloses that, so far as Federal rights were concerned, they were asserted by the defendants in the Superior Court, and hence the dismissal of the bill, if it affected such Federal rights at all, was not a decision *against* the parties invoking them, which alone would give us jurisdiction.

The writ of error is

*Dismissed.*