## CULLOM et al. v. TRADERS' INS. CO.

(Circuit Court of Appeals, Seventh Circuit. April 14, 1908.)

No. 1,410.

1. INSURANCE — CORPORATIONS—VOLUNTARY DISSOLUTION—STATUTE—CONSTITUTIONALITY.

Hurd's Rev. St. Ill. 1905, c. 73, § 2, authorizing the voluntary dissolution of an insurance corporation on the application of a majority in number or interest of the members or stockholders, on due notice, etc., is constitutional.

2. SAME—NECESSITY OF CONTROVERSY—JURISDICTION.

Under Hurd's Rev. St. Ill. 1905, c. 73, § 2, authorizing a majority in number or interest of the members or stockholders of an insurance company to apply for voluntary dissolutions thereof, it is not necessary to confer jurisdiction of the subject-matter of such application that a controversy exist for adjudication.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

C. W. Powell, for appellants.

Noble B. Judah and Charles H. Hamill, for appellee.

Before GROSSCUP, SEAMAN, and KOHLSAAT, Circuit Judges.

SEAMAN, Circuit Judge. The appellants were complainants below in a bill filed against the Traders' Insurance Company, appellee-defendant, with several individual defendants named but not served

with process, which was dismissed, upon demurrer, for want of equity, and this appeal is from the decree of dismissal.

The complainants are citizens of Alabama, and the defendant corporation is an insurance company, incorporated under an act of the Legislature of Illinois, with capital stock, located at Chicago, and engaged for many years in the business of insurance against fire in various states, including Alabama and California. Relief is sought under the bill, to set aside (as nullities) orders appointing a receiver of the corporation and a decree of dissolution, entered in the circuit court of Cook County, to have a receiver appointed to take over all assets, and have them marshaled and distributed in conformity to equity. For right of action on behalf of themselves and other creditors of like interest, the complainants aver: That the corporation had established a fund known as "the reserve fund for insurance in force," to protect and pay "unearned premiums," which constituted a trust fund in favor of claimants of unearned premiums, for distribution to such claimants in preference to other creditors; that the complainants, as general agents of the corporation for Alabama, pursuant to agreement with the corporation and under the terms of its license to transact business in that state, had paid a large amount of such claims and were entitled to subrogation and reimbursement out of such fund; and that claimants entitled to such fund and preferential payment were threatened with deprivation of their equities unless protected in this suit, brought for their benefit. Other averments respecting liabilities of stockholders—(1) to general creditors for dividends received in violation of the law of Illinois, and (2) to California creditors for fire losses sustained under policies issued in that state—are not material, for the present consideration.

In respect of the proceedings and receivership in the circuit court of Cook county, the bill expressly avers, in substance: The filing of a petition therein, May 5, 1906, by "a majority of the stockholders in interest of said the Traders' Insurance Company"—set out in the petition and conforming to the statutory requirements in Illinois (Hurd's Rev. St. 1905, p. 1165, c. 73, § 2) for "voluntary dissolution" of insurance companies—followed by an answer of the corporation, confessing the facts alleged, and stating that it "has become and is entirely insolvent" by reason of losses in the recent San Francisco fire; that the court forthwith appointed a receiver of the assets and enjoined further prosecution of business by the corporation; and that on June 18, 1906, a decree of dissolution was entered, providing for continuance of the receivership, to collect, marshal, and distribute the assets, with jurisdiction of the cause retained to that end. With these proceedings and conceded possession of the res in the state court, support for the interference sought under the bill rests upon averments: (1) That the act providing for the proceeding is unconstitutional; and (2) that the proceedings were collusive, raised no actual controversy for adjudication, and were coram non judice.

We are of opinion that neither of such contentions is tenable. The statute of Illinois under which the state court entertained the proceeding is entitled "An act in regard to the dissolution of insurance companies," approved February 17, 1874, compiled in Hurd's Rev. St.

1905, c. 73, pp. 1164–1165, and 2 Starr & C. Ann. St. 1896 (2d Ed.) pp. 2283–2286, c. 73, pars. 268, 269. Section 1 provides for "involuntary dissolution," upon petition filed by the Auditor of State, and section 2, entitled "voluntary dissolution," reads:

"Sec. 2. When a majority, in number, or interest, of the members or stockholders of any insurance company incorporated in this state, desire to close its concerns, they may apply by petition to the Circuit Court of the circuit in which the company is located, setting forth in substance the grounds of their application; and the court, after due notice to all the parties interested may proceed to hear the matter, and for reasonable cause decree a dissolution of the corporation; and corporations so dissolved shall be deemed and held extinct, in all respects as if their charter had expired by their own limitation, subject, however, to the provisions hereinafter prescribed."

Subsequent sections provide for receiverships and proceedings in conformity with equity powers and practice.

The constitutionality of the act, in reference to the provisions of section 1 for involuntary dissolution, on petition of the State Auditor, was upheld in Ward v. Farwell, 97 Ill. 593, 605, and subsequently reaffirmed (Chicago Life Ins. Co. v. Auditor of Public Accounts, 101 Ill. 82, 88; Chicago Mut. Life Indemnity Ass'n v. Hunt, 127 Ill. 257, 275, 20 N. E. 55, 2 L. R. A. 549; Republic Life Ins. Co. v. Swigert, 135 Ill. 150, 160, 25 N. E. 680, 12 L. R. A. 328), and the rulings upon objections there raised are equally applicable, as we believe, to the contentions here that section 2 violates constitutional rights. This view is well fortified by Chicago Life Ins. Co. v. Needles, 113 U. S. 574, 579, 5 Sup. Ct. 681, 28 L. Ed. 1084, and no ground for intervention appears under these averments.

The provision referred to (section 2) expressly authorizes a decree of dissolution upon petition of a majority in interest of the stockholders, after hearing, and no controversy is needful to confer jurisdiction of the matter. So the averments that a majority of the directors, controlling the corporation, appear among the petitioning stockholders and thus procured the appearance and answer on the part of the corporation—upon which collusion is averred—are without force. That it was in fact a voluntary proceeding for winding up the affairs of the corporation brought it within the unmistakable meaning of the statute, conferring upon the majority stockholders a right commonly granted in corporations organized for profit of stockholders. Thus the court acquired equitable jurisdiction, under the statute, when the requisite petition was filed. The regularity of its proceedings thereupon is not open to attack or inquiry, in another court of co-ordinate jurisdiction (Farmers' Loan & Trust Co. v. Lake Street Elevated R. R. Co., 177 U. S. 51, 61, 20 Sup. Ct. 564, 44 L. Ed. 667), and the bill was rightly dismissed for want of equity.

Other contentions for and against the sufficiency of the bill do not require consideration, and the decree of the Circuit Court is affirmed.