## EMPLOYERS' REINSURANCE CORPORATION v. FIDELITY UNION CASUALTY FIRE INS. CO. et al.

District Court, N. D. Texas, Dallas Division.
December 21, 1929.

No. 3259–516.

Clark & Clark, of Dallas, Tex., and A. C. Popham, of Kansas City, Mo., for plaintiffs.

Collins & Houston, of Dallas, Tex., for Fidelity Union Casualty Co.

Locke, Locke, Stroud & Randolph, Albert Sidney Johnson, and J. N. Townsend, all of Dallas, Tex., for interveners.

ATWELL, District Judge. The developed facts disclose that on June 17, 1929, Mrs. Mattie G. Cain, joined pro forma by her husband, F. M. Cain, and Mrs. Sallie W. Coleman, joined pro forma by her husband, C. H. Coleman, Tom B. Wofford, Bush W. Wofford, William R. Wofford, Claire C. Wofford, Mrs. Julia W. Mayfield, joined by her husband, John T. Mayfield, Mrs. George N. Wofford, Mrs. Lucy R. Wright, Mrs. Anne W. Hughes, joined pro forma by her husband, David Hughes, Mrs. Dorothy W. McDonough, joined by her husband, J. Kirby McDonough, Mrs. Callie T. Ross, American Exchange National Bank of Dallas, as trustee of the estate of Louis Lipsitz, brought a suit in the state court to foreclose a lien securing certain bonds, in the amount of $130,000, against property which fronted on Poydras street, and cornered on Commerce and Main in Dallas. The defendants were Fidelity Union Fire Insurance Company, Fidelity Union Casualty Company, E. G. Trimble, and Boston Mutual Life Insurance Company. There were some show cause orders with reference to a receivership. While those orders were pending and before the hearing was had thereon, one of the Fidelity Companies paid approximately $20,000 of a second lien bond issue involved in the suit. Thereafter the attorneys for the plaintiffs and the defendants went on their respective vacations, and the case eased its way through the summer. The attorney for the plaintiff, along in the latter part of August, went to the attorneys for two of the parties, and stated, in substance, that he wanted to add another party defendant, and asked them if they had any objection to his interlining the name of such new party, and they said, "No." Thereupon he wrote into the petition the name of the plaintiff in this suit. Mr. E. G. Trimble, one of the original defendants, was, at that time, and has been ever since, and is now, an officer of the plaintiff, Employers' Reinsurance Corporation. A citation was issued and reached this plaintiff in the early days of September, being transmitted to it by one of its agents, who had an office in Texas, who was likewise an agent for the two Fidelity defendant companies.

There were some negotiations between the attorney for the plaintiffs and some of the attorneys for some of the defendants in the month of September, and after the service of this citation; such conferences extended up to as late as September the 23d. On September 24th, Mr. Clark, the attorney for the present plaintiff, appeared before Federal Judge Wilson, and secured an order appointing a receiver for the Commerce end of the property, in a suit seeking a foreclosure thereon. It declared upon a number of bonds. It should be noted that the litigation in the state court, as well as this suit, centered around a large issue of bonds alleged to have been executed and negotiated by the defendant companies or company.

Judge Wilson knew nothing about the pendency of the suit in the state court. Thereafter, when this court opened on the first Monday, in October, Mr. Clark and Mr. Collins, came into open court and asked for an order to sell the Commerce property. The court made some inquiry as to whether there were any other interests, or any objection to such sale, and was advised that there were none, and that this was a class suit for the benefit of all bondholders, and thereupon this court was very glad to appoint the son of Mr. Clark as the commissioner to make the sale.

Some time after that, this court was advised that there was pending a suit upon some bonds to foreclose a lien upon this identical property in the state court; and thereupon these interventions were filed, and this matter ripened that we are now hearing.

There is no attack here upon the good

814

faith of the attorneys, but it is not out of place to mention that some time in August the present attorney for the plaintiff had in his office the petition, or, at any rate, some of the papers, in the state court suit, and the attorney for the plaintiffs in that suit, Mr. Townsend, came to him and got them, and asked whom he represented, and he did not see fit to tell Mr. Townsend.

The court conceives the law to be that, when the action is in rem, it is well settled that that court which first takes possession or control, actual or potential, of the thing, will exercise its power to completion, and an action in another court of another sovereignty will be stayed until such time. This rule applies equally well, and is equally true whether the jurisdiction of a state court has first attached, or whether the jurisdiction of the federal court has first attached, and the jurisdiction so first attaching precludes a court of the same or the other sovereignty from exercising jurisdiction over the same thing. Farmers' Loan & Trust Co. v. Lake Street, 177 U. S. 51, 20 S. Ct. 564, 44 L. Ed. 667; Baltimore & O. v. Wabash Railroad Co. (C. C. A.) 119 F. 678; Harkrader v. Wadley, 172 U. S. 148, 19 S. Ct. 119, 43 L. Ed. 399; Merritt v. Steel Barge Co. (C. C. A.) 79 F. 228; Kline v. Burke Construction Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077; Palmer v. Texas, 212 U. S. 118, 29 S. Ct. 230, 53 L. Ed. 435; Covell v. Heyman, 111 U. S. 176, 4 S. Ct. 355, 28 L. Ed. 390; Ackerman v. Tobin (C. C. A.) 22 F. (2d) 541; Lewis v. Schrader (D. C.) 287 F. 893, 895; Harkin v. Brundage, 276 U. S. 36, 48 S. Ct. 268, 72 L. Ed. 457.

As this court said in the case of Lewis v. Schrader, "the wisdom of this rule is quickly apparent. Two sovereignties, with their respective agencies, exist side by side. Each is independent of the other. Constant friction, turmoil, and irritation would result, if this were not the universal rule." So careful have the courts been of the preservation of this independence and exclusiveness that the rule is not limited to the cases where property has actually been seized under judicial process before the second suit is instituted in another court, but it now extends as well where suits are brought to enforce liens, against specific property, to marshal assets, to administer trusts, or to liquidate insolvent estates, and in all other suits of a like nature. It is a comity that insures harmony. Farmers' Loan & Trust Co. v. Lake St. El. R. Co., 177 U. S. 51, 20 S. Ct. 564, 44 L. Ed. 667.

I think further illustration or comment is unnecessary.

The motion to dismiss the interventions will be overruled, and the prayer of the interveners will be sustained, and this cause dismissed.