The Rev. Andrew P. JACOBS et al., Plaintiffs-Appellants,

v.

Kenneth DeSHETLER, Superintendent of Insurance of the State of Ohio, et al., Defendants-Appellees.

Nos. 71–2079, 72–1118.

United States Court of Appeals, Sixth Circuit.

Aug. 15, 1972.

---

William E. Knepper, Columbus, Ohio, for plaintiffs-appellants; William L. Clark, Columbus, Ohio, Senator Frank J. Lausche, Bethesda, Md., on brief.

Curtis H. Porter, Columbus, Ohio, for defendants-appellees; William J. Brown, Atty. Gen. of Ohio and Lawrence A. Berlin, Columbus, Ohio, on brief.

Before CELEBREZZE, McCREE and KENT, Circuit Judges.

PER CURIAM.

Plaintiffs are members and policyholders of American Life Insurance Association (ALIA), a Connecticut fraternal benefit society, who challenge an agreement entered into by ALIA with Investment Life Insurance Company of America (ILICA), an Ohio stock life insurance company, which by its terms would ultimately result in a merger of ALIA into ILICA.

In 1962 ALIA and ILICA entered into what was labeled a "Reinsurance Agreement." Under the terms of the agreement the parties agreed *inter alia* that all of the assets of ALIA would be turned over to ILICA to be maintained in a fund known as the American Fund until terminated in accordance with the terms of the agreement. It was further provided that upon termination ALIA would be merged into ILICA.

In 1964 the Superintendent of Insurance of the State of Ohio filed a petition in the Court of Common Pleas of Franklin County, Ohio, asking that a Conservator be appointed for ILICA for the purpose of administering the affairs of ILICA until its solvency could be established. On August 5, 1964, a petition to intervene in the Franklin County action was filed by certain of the plaintiffs on behalf of the policyholders of ALIA. The petition to intervene was granted. In their petition the intervenors sought to have the Reinsurance Agreement declared void and unenforceable because of the merger provisions and for other reasons. This prayer was denied by the Court of Common Pleas of Franklin County. The judgment was affirmed by the Court of Appeals for Franklin County, Morris v. Investment Life Insurance Co. of America, 18 Ohio App.2d 211, 248 N.E.2d 216 (1969), and by the Supreme

Court of Ohio, Morris v. Investment Life Insurance Co. of America, 27 Ohio St.2d 26, 272 N.E.2d 105 (1971), and the case was remanded to the trial court. After the decision of the Supreme Court of Ohio the trial court ordered the assets of ALIA returned to the possession and control of ILICA. Plaintiffs have taken an appeal from this order.

The action in the United States District Court was initiated in 1969 after the decision of the Court of Appeals of Ohio in Morris v. Investment Life Insurance Co. of America, 18 Ohio App.2d 211, 248 N.E.2d 216, had been handed down. Plaintiffs' complaint in the District Court alleged substantially the same facts as alleged in their intervention petition in the State Court and prayed for substantially the same relief. The District Court dismissed the complaint on the basis that State Court judgments are not subject to collateral attack and that the issues presented were within the jurisdiction of the Ohio Courts. From this decision an appeal was taken to this Court.

While this appeal was pending plaintiffs filed a motion for relief under the provisions of Rule 60(b) (6), Rules of Civil Procedure, 28 U.S.C., alleging that all State Court proceedings had been terminated. The District Court denied the motion for the reason that plaintiffs were still appealing from the dismissal of their action by the Court of Common Pleas, and that pertinent issues, therefore, were in litigation in the State Courts.

■ In this Court the plaintiffs argue that the doctrine of *res judicata* which they see as the basis for the District Court dismissal of their action was improperly applied in this case. Plaintiffs misconceive the basis for the District Court's opinion and order. The District Court decision did not rest on the principle of *res judicata* but rather on the principle that because the State Courts had properly assumed jurisdiction of the case it would be improper for the Courts of the United States to assume concurrent jurisdiction. It is a well-settled rule that when a State Court has taken possession of or jurisdiction over property in an *in rem* or *quasi in rem* proceeding, the Federal Courts cannot exercise jurisdiction over the same property in such a way as to interfere with the orderly disposition of the litigation by the State Court. As stated by Mr. Justice Roberts, speaking for an unanimous Court in Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 280, 83 L.Ed. 285 (1939):

> On the other hand, if the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other. We have said that the principle applicable to both federal and state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property. The doctrine is necessary to the harmonious cooperation of federal and state tribunals.

The same principle was announced by Mr. Chief Justice Hughes in United States v. Bank of New York & Trust Co., 296 U.S. 463 (1936), at pages 477, 478, 56 S.Ct. 343, 347, 80 L.Ed. 331:

> In both these cases the proceedings in the state court were *quasi in rem*. Control of the funds was essential to the exercise of the court's jurisdiction to protect the rights of claimants. It was not necessary for the court to appoint receivers, as the funds were already in the hands of depositaries ap-

pointed by the court and subject to its direction. The principle, applicable to both federal and state courts, that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted. It applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature, where, to give effect to its jurisdiction, the court must control the property. Farmers' Loan & Trust Co. v. Lake Street Elevated R. Co., 177 U.S. 51, 61 [, 20 S.Ct. 564, 44 L.Ed. 667]. If the two suits are *in rem* or *quasi in rem*, so that the court must have possession or control of the *res* in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other. Penn General Casualty Company v. Pennsylvania ex rel. Schnader, 294 U.S. 189, 195 [, 55 S.Ct. 386, 79 L.Ed. 850]. This principle is applied in the discharge of the long recognized duty of this court to give effect to such "methods of procedure as shall serve to conciliate the distinct and independent tribunals of the States and of the Union, so that they may cooperate as harmonious members of a judicial system coextensive with the United States." Taylor. v. Carryl, 20 How. 583, 595 [, 15 L.Ed. 1028]. See, also, Peck v. Jenness, 7 How. 612, 625 [, 12 L.Ed. 841]; Buck v. Colbath, 3 Wall. 334, 341, 18 L.Ed. 257; Wabash Railroad Co. v. Adelbert College, 208 U.S. 38, 54 [, 28 S.Ct. 182, 52 L.Ed. 379]; Palmer v. Texas, 212 U.S. 118, 129 [, 29 S.Ct. 230, 53 L.Ed. 435]; Lion Bonding [& Surety] Co. v. Karatz, 262 U.S. 77, 89 [, 43 S.Ct. 480, 67 L.Ed. 871]; Harkin v. Brundage, 276 U.S. 36, 43 [, 48 S.Ct. 268, 72 L.Ed. 457].

The same conclusion was reached on facts very similar to those in the instant case in Penn General Casualty Co. v. Pennsylvania ex rel. Schnader, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850 (1934), where the State Court assumed jurisdiction over a *quasi in rem* proceeding in which the United States District Court had earlier taken jurisdiction.

The rule announced in the cases cited was followed by this Court in Smith v. United States, 254 F.2d 865 (6th Cir. 1958), where the Court stated at page 867:

The settled rule which has risen on the foundation of this principle is that whichever court, state or federal, first obtains constructive possession of property in the exercise of its jurisdiction, is entitled to retain control of that property without interference from the other. Harkin v. Brundage, 1928, 276 U.S. 36, 43, 48 S.Ct. 268, 72 L.Ed. 457; Farmers' Loan & Trust Co. of New York v. Lake Street Elevated R. Co., 1900, 177 U.S. 51, 61, 20 S.Ct. 564, 44 L.Ed. 667; Hagan v. Lucas, 1836, 10 Pet. 400, 403, 35 U.S. 400, 403, 9 L.Ed. 470.

It is obvious that we are confronted in this case by an action which is concerned with a *res* consisting of the assets of ALIA. Although there are overtones relating to the administration and conservation of those assets the basic issues clearly reflect an *in rem* proceeding. For this reason we must agree with the District Judge in his disposition of the case. The Courts of two jurisdictions may not exercise simultaneous control over the same property. The Ohio Courts obtained jurisdiction over the assets of ALIA in 1964 and thereby barred the United States District Court from exercising authority over those assets in this case.

The only other issue in this case concerns the denial of the plaintiffs' motion under Rule 60(b) (6), Rules of Civil Procedure. It is well-settled in this Circuit that such a motion is addressed to the sound discretion of the trial court. Douglass v. Pugh, 287 F.2d 500 (6th Cir. 1961). Since the plaintiffs have appealed from the last decision of

the Court of Common Pleas for Franklin County, Ohio, we find no abuse of discretion. The whole purpose of the rule followed by the District Court was as stated by Mr. Justice Stone in Penn General Casualty Co. v. Pennsylvania, ex rel. Schnader, 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935): "To avoid unseemly and disastrous conflicts in the administration of our dual judicial system, * * * and to protect the judicial processes of the court first assuming jurisdiction."

The judgment of the District Court is affirmed.