**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF PUERTO RICO, Plaintiff,**

v.

**Isabel GREBER et al., Defendants.**

**Civ. Nos. 616–72, 617–72.**

United States District Court,
D. Puerto Rico.

Oct. 23, 1973.

Ramírez, Segal & Latimer, San Juan, P. R., for plaintiff.

Pedro E. Purcell Ruiz, Santurce, P. R., for defendants.

ORDER

TOLEDO, Chief Judge.

These cases involve properties which are part of the estate of the late Mr. Pierre V. Greber; which estate is under the judicial administration of the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, in case number 66–1722.

Defendants have moved this Court to dismiss the above captioned foreclosure of mortgages' proceedings on the grounds that this Court lacks jurisdiction to determine the issues raised by the herein filed complaints in view of the existence of the case (Civil No. 66–1722) pending before the Superior Court; which case is said to involve the same properties involved herein, as well as the same persons herein appearing as defendants. Defendants further assert that the Superior Court has obtained in rem jurisdiction over the properties herein involved, as well as custody, control and possession over said properties, prior to the commencement of this suit; that plaintiff's claim is before the Superior Court; that efforts are being made by the appointed judicial administrator in consonance with an Order of the Superior Court dated April 27, 1973, to sell the properties under foreclosure herein for the payment of outstanding debts including that of plaintiff; and that if this Court were to take jurisdiction of the present causes, it would have to interfere with the jurisdiction, custody, control and possession of the Superior Court with respect to the property being foreclosed. Defendants move plaintiff to intervene in the Superior Court where, it is said, their claim is already under consideration.

A sworn statement from the judicial receiver of Mr. Greber's estate to the effect that the properties involved herein are under the custody, control and possession of the Superior Court and that said Court has granted on April 27, 1973, authorization for their sale, has been filed by defendants.

Plaintiff has opposed defendant's motion asserting that: this Court has jurisdiction over the subject matter under Title 12, United States Code, Section 632; it is not a party in Civil No. 66–1722 pending before the Superior Court of the Commonwealth of Puerto Rico; and the cause of action in Civil No. 66–1722 and in these actions are not the same. It further argues that since the present causes deal with an action whereby if judgment is entered in favor of plaintiff, the defendants will be ordered to pay to it a sum of money and if payment is not made in a specified time, the sale of the property will be appropriate, this Court is confronted with an action presenting a question as to the rights of a person to participate in the res or as to the quantum of his interest in it. Plaintiff, lastly, brings forward a series of facts dealing with a similar cause they previously filed against defendants herein and the relationships had between the parties herein prior to the commencment of suit and during this suit; which facts are said to militate against any type of dismissal of the present causes and which are further said to reflect that defendants' motion is frivolous and has been filed solely for the purpose of delaying the action in this case.

The only issue before this Court is whether it has jurisdiction to entertain plaintiff's cause and give it the requested remedy, notwithstanding the fact that the properties herein at issue are under the possession, custody and control in judicial administration of the Superior Court of the Commonwealth of Puerto Rico, since 1966; that is, before the present actions were filed.

It can be readily seen that the issue herein to be considered deals directly with an important area of the convenient and orderly administration of justice in the relationship of state and federal courts. After a full consideration of the propositions advanced by the parties, we are of the opinion that defendants' request should be granted.

■■ It is a well settled principle of law in our system of government that when a state court has taken possession of, or jurisdiction over property in an in rem or quasi in rem proceeding, federal courts cannot exercise jurisdiction over the same property in such a way as to interfere with the orderly disposition of the litigation by the state court. Kline v. Burke Construction Co., 260 U.S. 226, 229, 43 S.Ct. 79, 67 L.Ed. 226 (1922);

United States v. Bank of New York & Trust Co., 296 U.S. 463, 477, 56 S.Ct. 343, 80 L.Ed. 331 (1935); Princess Lida v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 83 L.Ed. 285 (1938) and Jacobs v. De Shetler (6 Cir. 1972), 465 F.2d 840. That is, that a federal court cannot interfere with a state court's prior possession of a res. Farmers Loan & Trust Co. v. Lake Street Elevated Railroad Co., 177 U.S. 51, 20 S.Ct. 564, 44 L.Ed. 667 (1899). Such a principle serves to maintain the harmonious cooperation of federal and state courts; Princess Lida v. Thompson, supra, preserves the dignity of the state court, avoids exciting jealousies between the two forums and avoids bringing about unnecessary conflicts of jurisdiction.

When the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, took possession, custody and control over the properties herein involved, in the proceedings before it and, accordingly, designated a judicial administrator, the Court took jurisdiction over the res. The Superior Court has all along maintained said possession, control and custody over the res and the proceedings before it are basically in rem. Control over the res is essential to the exercise of the Superior Court's jurisdiction to protect the rights of the parties.

Likewise, the proceedings filed before this Court are in rem, and, were we to give effect to our jurisdiction and adjudicate the controversy before us, we would find ourselves interfering with the orderly disposition of the litigation already before the state court. Were we to render a judgment herein, such judgment will interfere with the Superior Court's authority to decide the issues presented before it, with respect to the involved properties and to make effective its decision by its control of the properties under its custody and possession. It is crystal clear that the present cause is founded on possession and that a disposition on our part will disturb and affect the Superior Court's possession and authority over the res. See e.

g. United States v. Klein, 303 U.S. 276, 281, 58 S.Ct. 536, 82 L.Ed. 840 (1937); Fischer v. American United Insurance Co., 314 U.S. 549, 554, 62 S.Ct. 380, 86 L.Ed. 444 (1941).

The present cause is not, as plaintiff contends, one where a plaintiff merely seeks to establish his right or his interest as a basis of a claim against the properties in the possession of the Superior Court, and, thus, to obtain an adjudication which might be had without disturbing the control of the state court. United States v. Bank of New York & Trust Co., supra; Fischer v. American United Insurance Co., supra; Markham v. Allen, 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1945). Plaintiff seeks before this Court that we enter judgment against defendants for the total of the principal and interest owed in the involved mortgages and that in default of payment by the defendants the properties be sold at a public auction and that the monies due be paid of the proceeds of such public sale. To be able to grant plaintiff's prayer, we would have to seize and control the properties in the possession of the Superior Court and would, accordingly, interfere with that court's functions. Fischer v. American United Insurance Co., supra.

Plaintiff has adequate protection to its interests in the Superior Court. The laws of the Commonwealth of P. R. adequately protect its interests and plaintiff should, accordingly, intervene in the proceedings before the Superior Court. The fact that it is not a party in the proceedings pending before the Superior Court and that the cause of action of the two actions are not the same, is not determinant in the application of the general rule previously stated to the situation at bar.

From the foregoing, it can be readily seen that the jurisdiction of one court must yield to that of the other. Under the circumstances of this cause, it is this Court's jurisdiction the one that must yield.

Wherefore, the Court hereby grants defendants' request and accordingly, orders that plaintiff's complaints be and are hereby dismissed.

It is so ordered.