Daniel, Judge,
 

 after stating the case, proceeded as follows: — The defendant’s counsel contend,
 
 first,
 
 that the ac-ii -ii-i . counts are not mutual, but are all on the side or the piaintin, and that he should have proceeded at law. We think this objection is not tenable. We admit, that to entertain a bill in equity for an account, there must be
 
 mutual demands;
 
 a series of accounts on one hand, and a series of payments on the other, and not merely one payment and one receipt,
 
 Dinwiddie
 
 v.
 
 Bailey,
 
 6 Ves. 136, 9 Ves. 473, 1 Mad. c. p. 8
 
 6.
 
 i3ut here tne bill expressly charges and the answer admits that there were a series of accounts by the plaintiff, and sundry payments by Ferrand.
 

 
 *84
 

 A
 
 suit-in equity is commenc-the'bans filed, and the sub-sued.3 !s*s"
 

 Secondly,
 
 the defendant relies on the act of limitation. are of opinion, that this act does not bar the plaintiif.
 
 P^nt^ ’s
 
 demanding a settlement of accounts, Fer-rand (on the 5th of October, 1829,) answered by letter and said, “ I should like to have a settlement with you to know if I .am in
 
 due
 
 to you, and for the purpose of doing so I shall visit Newbern in the winter.” The bill was filed on the 26th of September, 1832, and thereupon, as appears from the record, process issued returnable to the October Term 1832.
 

 The promise to take the case out of the statute of limitations must be either an express one, or amount to a clear admission of a still subsisting liability..
 
 Ballinger
 
 v.
 
 Barnes,
 
 3 Dev. 460. But a promise to the creditor by the debtor, to account or settle, “ to know if I am in
 
 due
 
 to you,” is, we think, a promise to pay the balance, if on settlement there shall be a balance due from the promisor. Why settle, if the balance is not to be paid? ' The letter of Ferrand was dated within three years of the time of filing the bill — and within three years before “ process issued ” to the October Term 1832. The statute declares, that all actions which shall be sued or brought, shall be
 
 commenced
 
 or
 
 brought
 
 within the time and limitation in this act expressed, and jj0t after. In equity, is the
 
 commencement
 
 of the action the *
 
 J 7
 
 filing of the bill, or is the action commenced only from the issuing of the process ? Our act declares, that no writ shall served by the sheriff unless he has a copy of the bill ready to deliver to the defendant, Rev. stat. ch. xxxii, sec. 4. In England, by the stat. 4th and 6th of Ann, no subpoena shall issue till after the bill is filed. It is, however, there a frequent but irregular practice, to sue out a subpoena before the bill is filed, and file the bill before the return day, 2
 
 Mad. C. P.
 
 197. The filing of the bill, it seems to us, is the commencement of the action, within the meaning of the statute. The subpoena and copy are but as process emanating or issuing from an original, and not the commencement. But however that may be is immaterial in this case, as not only the filing of the bill but the issuing of the process thereon, was within three years after the date of the letter. We therefore are of the opinion, that the act of limitations is not a
 
 *85
 
 bar to the plaintiff’s claim. The act of 1789, imposes as a condition on an executor or administrator an advertisement
 
 at
 
 the court house and at
 
 other
 
 public places in the county. It has been held that advertisements published in a newspaper printed and circulated in the county is a substantial compli--anee with that part of the law requiring advertisement at
 
 other public places. Blount v. Porterfield,
 
 2 Haw. 161. But it is not a substitute for the positive requirement of adver-fcisement at the court house.
 

 To emitie “strator to the benefit of iT89^Ct djev. av, see. 16, advertisement of his qualification at the court house door is necessary— and is not supplied by publication Jjaperprint-ed in the county.
 
 J
 

 The plaintiff is entitled to have an account.
 

 . Per Curiam. Direct an account,