### HUMANE BIT CO. v. BARNET.

(Circuit Court, D. New Jersey. May 28, 1902.)

1. EQUITY—COMMENCEMENT OF SUIT.
   A suit in equity in a court of the United States is commenced by the filing of the bill.

2. PATENTS—SUIT FOR INFRINGEMENT—EVIDENCE.
   A suit for infringement of a patent cannot be sustained by proof of acts of infringement committed after the bill was filed.

In Equity. Suit for infringement of patent. On motion to dismiss.

¶ 1. See Action, vol. 1, Cent. Dig. § 730.

George G. Frelinghuysen, for complainant.
Edwin H. Brown, for defendant.

KIRKPATRICK, District Judge. The bill of complaint in this cause was filed on the 3d day of October, 1894, and in it the complainant sets out that the defendant has, in this district and elsewhere, made, used, or sold bridle bits made, arranged, constructed, and combined according to the construction and arrangement set forth in the claims of his letters patent, without its license or permission. Wherefore it prays that the defendant may be perpetually enjoined from said infringement, and that its damages may be assessed as provided by statute, and that it may have a writ of subpœna directing the defendant to appear in court and answer the said bill. In accordance with the prayer of such bill, process was issued on the same day, and made returnable within the time prescribed by law. In taking its proofs to sustain the charges made in its bill, the complainant called but one witness, William J. Bahrs, who testified as follows:

Q. Did you on or about the 5th day of October, 1894, purchase from the defendant, David H. Barnet, any bits? A. I did purchase a bit from David H. Barnet about that time, and also purchased other bits. Q. Please produce the bit that you purchased from David H. Barnet. A. (Witness examining bit.) I purchased this bit from the Barnet company. (The bit referred to is offered in evidence, and marked, "Complainant's Ex. E, the Barnet Bit.") Q. At that time did you purchase any part of a bit other than that marked, "Complainant's Ex. E, the Barnet Bit"? A. I also purchased part of a bit from the Barnet Company. (Witness examines cheek-piece and chin strap.) And I identify this as that bit. (The same is offered in evidence, and marked "Complainant's Ex. F, Cheek-Piece and Chin Strap.")

It thus appears that the only act of the defendant complained of consisted of a sale by him of an article which is claimed to be an infringement of the complainant's device, on the 5th day of October, 1894, which was two days subsequent to the filing of the bill. Motion is now made to dismiss the bill on the ground that the act claimed to be an infringement was not committed until after the filing of the bill. The case of Slessinger v. Buckingham (C. C.) 17 Fed. 454, is exactly in point. In that case Judge Sawyer said:

"There are two points made by the defendants, both of which, I think, are well taken. One is that, if it is conceded that the articles charged to have been made are an infringement of the patent, it does not appear that those articles were sold or made prior to the filing of the bill."

And he dismisses the bill on the ground, as he distinctly states, that the complainant has failed to show an infringement before the filing of the bill.

If the complainant relies upon an infringement in order to sustain its action, such infringement must have been committed prior to the commencement of the suit. The complainant therefore insists that, because by the sixteenth equity rule promulgated by the supreme court it is provided that "upon the return of the subpœna as served and executed upon the defendant the clerk shall enter the suit upon his docket as pending in the court and shall state the time of the entry thereof," the suit has not been begun until such entry is made.

But I cannot concur in this view. The direction to the clerk to enter the suit as pending is merely directory, and does not indicate that it may not before that time have been commenced. In England suits in equity have always been instituted by preferring a bill in the style of a petition, directed to the lord chancellor or other proper person, and it is provided by statute that no process shall issue until after the suit has been so begun. Following this practice, the United States supreme court, by equity rule 9, provides that no process shall issue out of a court of equity until after the bill has been filed with the clerk. The filing of the bill is the commencement of the suit. Madd. Ch. Prac. 164. And in Daniell, Ch. Pl. & Prac. p. 401, it is said, "A suit in equity is commenced, it seems, when the bill is filed," citing McLin v. McNamara, 22 N. C. 82, and Aston v. Galloway, 38 N. C. 126. To the same effect, Story, Eq. Pl. (4th Ed.) § 7. In the case of Farmers' Loan & Trust Co. v. Lake St. Elevated R. Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667, the question arose whether the state or federal court had first acquired jurisdiction of a suit for the foreclosure of a mortgage. The contention was, as stated by the court, that the jurisdiction of the state court attached, because, although the bill therein was not filed until after the filing of the bill in the federal court, the summons issued by the state court was served before the service of the writ of subpoena in the federal court. The court held, on this state of facts, that the federal court had first acquired jurisdiction, because the suit therein had been first begun; that the filing of the bill was the commencement of the suit; and that it was only when applying the doctrine of lis pendens to the case of a third person, who is a bona fide purchaser, that notice is held to begin from date of service of subpoena, and not from the filing of the bill.

I am of opinion that the proofs in this case do not sustain the allegations of the bill in respect to the injuries that had been committed prior to the commencement of the suit, and for that reason I am reluctantly compelled to defer any examination into the merits of the controversy, and dismiss the bill.