## PACIFIC TELEPHONE & TELEGRAPH CO. v. AGNEW.

(Circuit Court of Appeals. Ninth Circuit. March 30, 1925.)

No. 4381.

**I. Courts ⟨⟩328(2)—Jurisdiction of federal courts; matter in controversy.**

The amount claimed in a suit is not always the matter in dispute, as where the suit involves the right of a public service corporation to charge certain rates for service rendered to its many patrons, in which case the value of that right is the amount in controversy for the purpose of determining the jurisdiction of a federal court.

**2. Courts ⟨⟩508(2)—Jurisdiction of federal court; ancillary suit.**

Where a federal court by temporary injunction restrained enforcement of telephone rates fixed by a state board and authorized the putting in force of temporary rates, an action by a telephone user against the company before a justice of the peace to recover the difference between the rate so charged and paid and the rate fixed by the commission will be enjoined to protect the prior acquired jurisdiction of the federal court, without regard to the amount involved.

**3. Telegraphs and telephones ⟨⟩33(I)—Telephone company held entitled to charge temporary rates put in force by order of federal court.**

Where a temporary schedule of rates for a telephone company was put into force by an order of a federal court, in a suit to enjoin enforcement of rates fixed by a state commission, the right of the company to charge such rates is not affected by its failure to file the schedule as required by a state statute, where it had been enjoined by a state court from making such filing.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Suit in equity by the Pacific Telephone & Telegraph Company against Henry Clay Agnew. From a decree dismissing the bill, complainant appeals. Reversed and remanded.

For opinion below, see 2 F.(2d) 155.

Chadwick, McMicken, Ramsey & Rupp and Otto B. Rupp, all of Seattle, Wash., Post, Russell & Higgins, of Spokane, Wash., and Pillsbury, Madison & Sutro, of San Francisco, Cal. (W. V. Tanner, of Seattle, Wash., of counsel), for appellant.

George A. Meagher, Asst. City Atty., Marion A. Butler, and Warren Hardy, all of Seattle, Wash., for appellee.

Before ROSS and HUNT, Circuit Judges, and BOURQUIN, District Judge.

HUNT, Circuit Judge. Appellant, Pacific Telephone & Telegraph Company, referred to as the Telephone Company, appeals from a decree made in October, 1924, dismissing the suit brought by it against Agnew, appellee, to restrain him from further prosecuting an action instituted by him in a justice's court in Seattle, Wash., and from further interfering with the possession and control exercised by the United States District Court over certain property.

In March, 1923, the department of public works of the state of Washington prescribed certain maximum rates for telephone service. Thereafter in April, 1923, the Telephone Company obtained a restraining order against the department of public works of the state in the United States District Court, and during the life, of such restraining order certain rates were made effective; such rates, spoken of as the Cleland rates, being those which a dissenting member of the department of public works had found were just and reasonable. A few days thereafter the Telephone Company filed a schedule of rates with the department of public works. Upon the schedules filed there was an annotation by the Telephone Company that the schedule was filed in accordance with the restraining order which had theretofore been issued. The department of public works received the filing as tendered. On that same day the city of Seattle instituted a proceeding in the superior court of Thurston county, Wash., to review the order of the department of public works, which had been made on March 31, 1923, and obtained an injunction restraining the Telephone Company from thereafter filing any schedule of rates with the department of public works, and also restraining that department from receiving any schedule of rates from the Telephone Company. In April application of the Telephone Company for an interlocutory injunction was heard by three judges in the United States District Court, and an order was made dissolving the restraining order and denying temporary injunction. Upon appeal to the Supreme Court of the United States from the order of the three-judge court, the order of the District Court was reversed. Pacific Telephone Co. v. Kuykendall, 265 U. S. 196, 44 S. Ct. 553, 68 L. Ed. 975. Shortly thereafter, upon application to the United States District Court for a temporary injunction, the court, in July, 1924, directed that the Telephone Company might, pending final hearing, put in effect the Cleland rates. Afterwards the department of public works gave notice' of a hearing on the rates which had been filed pursuant to the restraining order, and in October an order was made declaring that the so-called Cleland rates were unjust and unreasonable and the schedule of such rates was suspended.

In September, 1924, Agnew, appellee herein, brought the suit referred to as instituted in the justice's court at Seattle. The gist of Agnew's allegations was that for August, 1924, he had been compelled to pay for telephone service $35, but that the last schedule of rates on file with the department of public works required payment of but $27.55. He prayed for judgment in the sum of $7.55 with interest and costs. These amounts are explained by saying that under the Cleland rates the charge of $35 would be payable by Agnew for telephone service, while under the order of the department of public works $27.55 would be the charge for the service. The Telephone Company petitioned for removal of the Agnew suit to the United States District Court, and gave the requisite bond; but the justice of the peace denied the application. Shortly thereafter the Telephone Company brought the present suit in the United States District Court, asking injunction against Agnew restraining him from further prosecuting his suit in the justice's court. As part of its petition, the Telephone Company refers to the suit brought by it in the United States District Court in April, 1923, and to the suit brought by Agnew in September, 1924.

After a hearing the District Judge held that the complaint herein failed to state a cause of action, in that the Telephone Company had not put into effect the order of July 23, 1924, by filing with the department of public works of the state the Cleland rates; and, furthermore, that the suit brought by Agnew in the justice's court was not removable to the federal court.

The position of the Telephone Company is that this suit is ancillary to the suit brought by the Telephone Company in the United States District Court in April, 1923, and that the question of the amount involved is not material. The city attorney of Seattle appeared as amicus curiæ and contended that there is no jurisdiction, and denied that this suit is ancillary.

[1] The amount is not always the matter in dispute, and very clearly is not in this instance. Smith v. Adams, 150 U. S. 167, 9 S. Ct. 566, 32 L. Ed. 895. Mr. Agnew's action is based upon the hypothesis that the Telephone Company shall charge a certain rate which it appears has been filed with the state authorities; that is, rates which the state authorities had continued as effective by order of the department of public works, made March 31, 1923, and not upon a charge as per the schedule of rates which had become effective by virtue of an injunctive order of the federal court. The genesis of a litigation may be a single charge of a small sum for a public service; but where, as here, it is shown that the controversy necessarily involves the right of a public service com-

pany to charge certain rates for service rendered to thousands of its patrons, and decision must turn upon the establishment of such right, a bill may be sustained as one calling upon the federal court to enforce its decree in a prior suit in the federal court with a view of doing complete justice among the parties to the suit.

[2] No argument is needed to show that if the plaintiff in the Agnew case may proceed in the justice's court, the result may be a multiplicity of suits, depriving the Telephone Company of its rights gained by the injunctive order of the federal court. In Looney v. Eastern Texas R. Co., 247 U. S. 214, 38 S. Ct. 460, 62 L. Ed. 1084, we have an analogous case. There the Railroad Commission of Louisiana complained to the Interstate Commerce Commission that certain railroad companies charged unreasonable rates on traffic from Shreveport, La., to points in Texas. The carriers contended that the Interstate Commerce Commission had made an invalid order, but in due course (the Shreveport Cases, 234 U. S. 342, 34 S. Ct. 833, 58 L. Ed. 1341), the order of the commission was upheld. Afterwards the Interstate Commerce Commission made another order concerning rates between Shreveport and certain Texas points, and the railroad companies filed tariffs as required by the order. But the Attorney General of Texas threatened to sue any carrier which complied with the order of the Interstate Commerce Commission. Thereupon the carriers brought suit in the federal court against the Attorney General of the state and others, praying injunction against the Attorney General for such threatened suit. Temporary injunction was granted by the federal court. The Attorney General, however, brought a suit in the state court praying for injunctive order against the carriers from charging the rates fixed by the Interstate Commerce Commission. Thereupon the carriers by ancillary bill prayed the federal court to protect its jurisdiction theretofore acquired, and to enjoin the Attorney General from proceeding in the state court. On the auxiliary bill injunction was granted, and appeal was taken to the Supreme Court. After referring to the familiar and long-established practice of the use of the writ of injunction by federal courts first acquiring jurisdiction over the parties and the subject-matter of a suit, for the purpose of preserving that jurisdiction until the object of the suit is accomplished and "complete justice done between the parties," the court said: "So important is it that unseemly conflict of authority between state and federal courts should be avoided by maintaining the jurisdiction of each free from the encroachments of the other, that section 265 of the Judicial Code Rev. Stats., § 720, Act of March 2, 1793, c. 22, 1 Stat. 334, has repeatedly been held not applicable to such an injunction." We think the principle there applied is controlling in the present matter, and that to protect its jurisdiction the federal court should issue the order prayed for.

[3] The fact that after entry of the decree of the federal (three-judge) court on July 23, 1924, the Telephone Company did not file with the department of public works of the state of Washington a schedule of rates permitted to be charged by the decree referred to, does not impair the right to the relief now asked, for the situation was such that the Telephone Company could not file with the department of public works the so-called Cleland rates, because injunction had been issued by the superior court of Thurston county, Wash., enjoining it from so doing.

After the city of Seattle brought a proceeding and obtained an order that the members of the department of public works and the Telephone Company "desist from filing or attempting to file new, or other, or alternative telephone tariffs or schedules of telephone rates in the premises"—an order which it would appear is still in force—no fault should be attributed to the Telephone Company for not disobeying that order of the local authorities; nor should the company be held to have forfeited or waived its rights.

The views just expressed dispose of the main point, and make the question whether or not the Agnew suit is removable of no pressing moment. However, we are disposed to believe that upon the face of the petition ground for removal was shown.

The decree dismissing the suit is reversed, and the cause is remanded, with directions to grant an order restraining Agnew from further prosecuting the action brought by him in the justice's court at Seattle, and from further interfering with the possession and control exercised over certain property now in the possession and control of the United States District Court.

Reversed and remanded.