## FARBWERKE VORMALS MEISTER LUCIUS & BRÜNING v. DIARSENAL CO., Inc., et al.

District Court, W. D. New York.  March 10, 1927.

1. **Limitation of actions $\Longleftarrow$118(2)—Filing bill against licensee day before expiration of one-year period was timely and reasonable compliance with statute, although process served day after expiration of year (Trading with the Enemy Act, § 10 [f]; Comp. St. § 3115½ee).**

Under Trading with the Enemy Act, § 10 (f), Comp. St. § 3115½ee, limiting to one year after the end of the war the time within which suit may be commenced against a licensee, where the year expired July 2, 1922, filing bill on the preceding day was a beginning of the action and a reasonable compliance with the statute of limitations, although process was not issued until July 3; the preceding day being Sunday.

2. **Time $\Longleftarrow$10(4)—Suit is "commenced" when bill is filed, though process issued day after expiration of year, last day being Sunday (Trading with the Enemy Act, § 10 [f], being Comp. St. § 3115½ee).**

Under Trading with the Enemy Act, § 10 (f), being Comp. St. § 3115½ee, limiting to one year after the end of the war the time within which suit may be commenced by the owner of a patent against a licensee, where the year expired July 2, 1922, the filing of a bill on July 1, and issuance of process on July 3, July 2 being Sunday, held within the time limited, and the suit not barred.

In Equity. Suit by Farbwerke Vormals Meister Lucius & Brüning against the Diarsenal Company, Inc., and Frank White, as Treasurer of the United States. On motion to dismiss bill. Denied.

Edward H. Cumpston, of Rochester, N. Y., for plaintiff.

Percy R. Smith, of Buffalo, N. Y., for defendants.

HAZEL, District Judge. The defendant's motion is to dismiss the bill upon the ground that one year had expired following

the end of the war, wherein an action in equity, against the licensee, under the provisions of section 10 (f) of the Trading with the Enemy Act (Comp. St. § 3115½ee), could be commenced. The bill of complaint admittedly was filed on Saturday, July 1, 1922; the process of subpœna issued by the clerk on July 3d, Sunday intervening; and delivery made to the marshal for service on July 5th, Independence Day intervening, while the service, on defendants, of the process was on July 6th.

[1] Defendant's contention is that, since the period wherein the action could be commenced expired on July 2, 1922, the filing of the bill of complaint on the preceding day was not a commencement of the action within the intendment of the statute, and that, in fact, there was no commencement until the process was delivered to the marshal, with instructions to make service thereof. I do not agree with this contention, and hold that filing the bill was a beginning of the action and a reasonable compliance with the statute of limitations. Armstrong Cork Co. v. Amer. Refrig. Co. (C. C. A.) 184 F. 206. It is not implied, from the language of the statute, that issuance of process and delivery to the marshal were absolutely required within the one-year period. See Farmers' Loan & Trust Co. v. Lake St. El. R. Co., 177 U. S. 51, 20 S. Ct. 564, 44 L. Ed. 667.

[2] The principle of the last-mentioned case is not distinguished simply because there was involved therein the question of jurisdiction between state and federal courts, for it was plainly held that, as between the parties, jurisdiction attached on filing a bill in equity and issuance of process; and though, strictly speaking, the year expired on July 2d, and process was not issued until the next day, yet, as July 2d was a Sunday, the issuance of the process on the succeeding secular day was a proper compliance with the statute, especially as the process was promptly served by the marshal. In U. S. v. American Lumber Co. (C. C. A.) 85 F. 827, cited by defendant, there evidently was delay in issuing the process after the bill was filed.

Motion to dismiss denied.