INTERBOROUGH RAPID TRANSIT CO. v. GILCHRIST et al.

District Court, S. D. New York. March 15, 1928.

1. **Courts** ⊙⇒492—Federal court's jurisdiction in equity attaches when bill of complaint is filed.

Suit in equity in court of United States is commenced by filing of bill of complaint, and on filing of bill, jurisdiction of federal court attaches to the cause of action.

2. **Courts** ⊙⇒493(2)—Federal court must take and hold exclusive jurisdiction of suit in equity, where bill of complaint was filed before action was commenced in state court (Civil Practice Act N. Y. § 218).

Federal court has duty to take and hold exclusive control of suit in equity, where bill of complaint was filed before action in state court was commenced by service of summons, under

Civil Practice Act N. Y. § 218, notwithstanding that action in state court was commenced on same day that bill was filed in federal court.

**3. Courts ⟲508(1)—Federal court, having first acquired jurisdiction of subject-matter, may enjoin parties from proceeding in state court of concurrent jurisdiction.**

Where federal court has first acquired jurisdiction of subject-matter of cause, it may enjoin parties from proceeding in state court of concurrent jurisdiction, where effect of action in such court would be to defeat or impair jurisdiction of federal court.

**4. Courts ⟲299(3)—Bill alleging plaintiff is being deprived of property without due process, and alleging facts which may sustain such contention, held to allege facts conferring jurisdiction on federal court.**

Bill by transit company, alleging that it is being deprived of property without due process by acts of state Legislature, or by orders made pursuant to such acts, and alleging facts which may or may not sustain such contention, *held* to allege facts conferring jurisdiction on federal court.

**5. Courts ⟲299(3)—Failure to allege facts stating cause of action under federal statute is not jurisdictional defect.**

Failure to allege facts sufficient to constitute cause of action under federal statute is not jurisdictional defect in bill of complaint filed in federal court, since sufficiency of facts may be determined on motion to dismiss, and, on making of such motion, court in its discretion may permit plaintiff to amend.

**6. Courts ⟲508(1)—Defendant held not entitled to take advantage of federal statute providing for stay of proceedings, because state court had not stayed enforcement of statutes involved (28 USCA § 380).**

In suit by transit company, alleging that it was being deprived of property without due process by acts of state Legislature and orders made pursuant thereto, defendant *held* not entitle to take advantage of 28 USCA § 380, providing for stay of proceedings in statutory court, because no stay had been granted by state court in state actions staying enforcement of any statute or order alleged to be involved.

**7. Courts ⟲508(1)—Plaintiff may bring ancillary action to protect jurisdiction of federal court as against state court.**

Where defendants commenced action in state court after plaintiff had filed bill in federal court, plaintiff *held* entitled to bring ancillary action in federal court to protect jurisdiction of such court and to apply for interlocutory injunction in such action.

In Equity. Application by the Interborough Rapid Transit Company against John F. Gilchrist and others, constituting the Transit Commission, the same being the Metropolitan Division of the Department of Public Service of the State of New York, and others, for an injunction pendente lite in an ancillary action. Injunction granted on condition.

See, also, 26 F.(2d) ——.

William L. Ransom, Jacob H. Goetz, and James L. Quackenbush, all of New York City, for the motion.

Samuel Untermyer, of New York City (Clarence M. Lewis, George P. Nicholson, M. Maldwin Fertig, George H. Stover, and J. A. Devery, all of New York City, on the brief), opposed.

BONDY, District Judge. This is an application by the plaintiff, the Interborough Rapid Transit Company, in an ancillary action, for an order enjoining the defendants the city of New York and the members of the Transit Commission from prosecuting two actions and a special proceeding against the plaintiff in the state courts.

On February 14, 1928, at 9:20 o'clock in the morning, the Interborough Rapid Transit Company filed a bill in the office of the clerk of this court, alleging, among other things, that limitations placed by or pursuant to acts of the Legislature of the state of New York on the rates of fare chargeable by the plaintiff were unreasonable and confiscatory, and deprive the plaintiff of its property without due process of law, in violation of its rights under the Constitution of the United States. The relief asked is an injunction, both interlocutory and permanent, restraining the defendants from enforcing against the plaintiff a rate of fare not exceeding five cents, and from interfering in any way with the alleged right of the plaintiff to charge a reasonable rate. Service of the complaint was made on all the defendants before noon of the same day.

At 1:55 o'clock in the afternoon of that day there were served on counsel for the Interborough Rapid Transit Company a petition in a summary proceeding and complaints in two actions brought in the state court, by the defendants, for the purpose of preventing the plaintiff from increasing the fare from 5 to 7 cents, as proposed in a tariff schedule filed by the plaintiff, and to compel the plaintiff to perform its alleged agreement not to charge more than a 5-cent fare. There were also served upon the plaintiff orders to show cause why an interlocutory injunction should not be granted, and an order directing the plaintiff to file its answer to the petition and proceed with a summary trial on February 20th, and orders restraining the plaintiff, pending the hearing of the motions, from doing any of the acts as to which relief was demanded in the complaints and petition.

Thereafter, and on February 17th, the plaintiff filed its ancillary bill, setting forth the foregoing facts and alleging that the de-

fendants are interfering with the primary and exclusive jurisdiction of this court over the subject-matter of the action first brought in this court, and made this application for an order restraining the defendants from prosecuting the two actions and the special proceeding in the state court.

The defendants oppose the granting of an interlocutory injunction in the ancillary action, principally on the grounds that the complaint in the original action fails to state facts sufficient to constitute a cause of action or to confer jurisdiction on the federal court; that the complaint in the original action involves rates that have been fixed by a contract entered into by parties, duly authorized by legislation giving them the right to fix the rates, and does not involve rates subject to regulatory power of the Legislature; that the filing of the original bill before the commencement of the actions and special proceeding in the state court, under the circumstances shown, gave this court no primary or exclusive control of the litigation as against the state court; and that only a statutory court, consisting of three judges, has the power to issue the interlocutory injunction demanded in the ancillary action, because such injunction would have the same effect as an interlocutory injunction, if issued in the original action.

[1, 2] A suit in equity in a court of the United States is commenced by the filing of the bill of complaint, and upon the filing of the bill the jurisdiction of the federal court attaches to the cause of action. Farmers' Loan & Trust Co. v. Lake Street Elevated Railroad Co., 177 U. S. 51, 20 S. Ct. 564, 44 L. Ed. 667; Humane Bit Co. v. Barnet (C. C.) 117 F. 316; Farbwerke Vormals Meister Lucius & Bruning v. Diarsenal Co. (D. C.) 21 F.(2d) 588. An action is commenced in the Supreme Court of the state of New York by service of a summons. Civil Practice Act, § 218. It therefore follows that the original action was begun by the plaintiff against the defendants in the federal court before the transit commission and the city of New York brought their actions and proceedings against this plaintiff in the state court.

Notwithstanding this, defendants contend that plaintiff's action in filing its bill before the transit commission had acted on the proposed new tariff schedule was precipitate, and that plaintiff's alleged "unseemly scramble" to get into court first requires this court to yield to the state court the primacy and exclusive control of the litigation, and to stay all proceedings in this court.

In Willcox v. Consolidated Gas Co. of New York, 212 U. S. 19, 39, 29 S. Ct. 192, 195 (53 L. Ed. 382, 15 Ann. Cas. 1034, 48 L. R. A. [N. S.] 1134), the Supreme Court said: "At the outset it seems to us proper to notice the views regarding the action of the court below, which had been stated by counsel for the appellants, the Public Service Commission, in their brief in this court. They assume to criticize that court for taking jurisdiction of this case, as precipitate, as if it were a question of discretion or comity, whether or not that court should have heard the case. On the contrary, there was no discretion or comity about it. When a federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction (Cohens v. Virginia, 6 Wheat. 264, 404 [5 L. Ed. 257]), and in taking it that court cannot be truthfully spoken of as precipitate in its conduct. That the case may be one of local interest only is entirely immaterial, so long as the parties are citizens of different states, or a question is involved which by law brings the case within the jurisdiction of a federal court. The right of a party plaintiff to choose a federal court, where there is a choice, cannot be properly denied."

In Harkrader v. Wadley, 172 U. S. 148, 19 S. Ct. 119, 43 L. Ed. 399, the Supreme Court said: "When a state court and a court of the United States may each take jurisdiction of a matter, the tribunal where jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed and the jurisdiction involved is exhausted; and this rule applies alike in both civil and criminal cases."

In Prout v. Starr, 188 U. S. 537, 545, 23 S. Ct. 398, 401 (47 L. Ed. 584), the same court spoke as follows: "The jurisdiction of the Circuit Court could not be defeated or impaired by the institution, by one of the parties, of subsequent proceedings, whether civil or criminal, involving the same legal questions, in the state court."

[3] In Kline v. Burke Construction Co., 260 U. S. 226, 229, 43 S. Ct. 79, 81 (67 L. Ed. 226, 24 A. L. R. 1077), the court said: "It is settled that, where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction, where the effect of the action would be to defeat or impair the jurisdiction of the federal court."

Between courts of co-ordinate jurisdiction of the same system, forbearance is a principle of comity, but between state courts and the United States courts it is something more. It is a principle of right and of law, and therefore of necessity. It leaves nothing

to the discretion or mere convenience. Covell v. Heyman, 111 U. S. 176, 182, 4 S. Ct. 355, 28 L. Ed. 390. It, therefore, is not only the right, but the duty, of this court to take and hold exclusive control of this litigation as against the state court. This is so, though the action was commenced in the state court the same day, and shortly after the bill was filed in a federal court. Farmers' Loan & Trust Co. v. Lake Street Elevated R. Co., 177 U. S. 51, 20 S. Ct. 564, 44 L. Ed. 667.

[4] The original bill does allege facts conferring jurisdiction on this court. It alleges that plaintiff is being deprived of property without due process of law by acts of the Legislature of the state of New York, or by orders made pursuant to such acts, and it alleges facts which may or may not sustain that contention.

In Columbus Railway Power & Light Co. v. Columbus, 249 U. S. 399, 406, 39 S. Ct. 349, 351 (63 L. Ed. 669, 6 A. L. R. 1648), though the Supreme Court decided that the railway company was not entitled to restrain the enforcement of a contract rate, the court nevertheless said: "We are of opinion that there was jurisdiction in the District Court to entertain the bill, as it presented questions arising under the Fourteenth Amendment to the federal Constitution not so wholly lacking in merit as to afford no basis of jurisdiction. Jurisdiction does not depend upon the decision of the case, and should be entertained if the bill presents questions of a character giving the party the right to invoke the judgment of a federal court. We think the elaborate and careful opinion of the District Judge of itself shows that substantial questions arising under the federal Constitution were presented by the bill and that the court had jurisdiction."

In Mercantile Trust Co. v. Columbus, 203 U. S. 311, 320, 27 S. Ct. 83, 85 (51 L. Ed. 811), the Supreme Court, reversing the Circuit Court, which dismissed a bill for want of jurisdiction, said: "It is part of the duty of the federal courts, under the impairment of the obligation of contract clause in the Constitution [Const. art. 1, § 10, cl. 1], to decide whether there be a valid contract and what its construction is, and whether, as construed, there is any subsequent legislation, by municipality or by the state Legislature, which impairs its obligation." And (page 323 [27 S. Ct. 86]): "And we are not now concerned with the question as to how the matter should be determined, but only whether the Circuit Court had jurisdiction to determine it."

"Jurisdiction is the power to decide a justiciable controversy, and includes questions of law as well as of fact. A complaint setting forth a substantial claim under a federal statute presents a case within the jurisdiction of the court as a federal court, and this jurisdiction cannot be made to stand or fall upon the way the court may chance to decide an issue as to the legal sufficiency of the facts alleged, any more than upon the way it may decide as to the legal sufficiency of the facts proven. Its decision either way upon either question is predicated upon the existence of jurisdiction, not upon the absence of it. Jurisdiction, as distinguished from merits, is wanting only where the claim set forth in the complaint is so unsubstantial as to be frivolous, or, in other words, is plainly without color of merit. * * * In that event the claim of federal right under the statute is a mere pretence, and in effect is no claim at all. Plainly there is no such want of substance asserted here," and "jurisdiction is the power to decide a justiciable controversy * * * either way. Unsuccessful, as well as successful, suits may be brought under the act." Binderup v. Pathe Exchange, 263 U. S. 291, 305, 44 S. Ct. 96, 98 (68 L. Ed. 308).

[5] Failure to allege facts sufficient to constitute a cause of action under a federal statute, therefore, is not a jurisdictional defect. The sufficiency of the facts alleged in the original bill may be determined on a motion to dismiss made in the original action, and upon the making of such motion the court in its discretion may permit the plaintiff to amend.

In Re Engelhard, 231 U. S. 646, 651, 34 S. Ct. 258, 259 (58 L. Ed. 416) the court said: "It is the universal practice, sustained by authority, that the only mode of judicial relief against unreasonable rates is by suit against the governmental authority which established them or is charged with the duty of enforcing them."

[6] The defendants cannot take advantage of the provision of section 380 of the Code of Laws (28 USCA § 380), providing for a stay of proceedings in the statutory court, because no stay has been granted by the state court in the state actions staying the enforcement of any statute or order alleged to be involved in this litigation. Dawson v. Kentucky Distilleries Co., 255 U. S. 288, 297, 298, 41 S. Ct. 272, 65 L. Ed. 638; Northwestern Bell Telephone Co. v. Hilton (D. C.) 274 F. 384.

"The provision [section 379 of the Code of Laws of the United States (28 USCA § 379) forbidding any court of the United States to grant an injunction to stay proceedings in a state court] does not prevent

the federal court from enjoining the institution in the state courts of proceedings to enforce local statutes which are repugnant to the Constitution of the United States, * * * or prevent them from maintaining and protecting their own jurisdiction, properly acquired and still subsisting, by enjoining attempts to frustrate, defeat or impair it through proceedings in the state courts, * * * or prevent them from depriving a party, by means of an injunction, of the benefit of a judgment obtained in a state court in circumstances where its enforcement will be contrary to recognized principles of equity and the standards of good conscience." Wells, Fargo & Co. v. Taylor, 254 U. S. 175, 183, 41 S. Ct. 93, 96 (65 L. Ed. 205).

[7] There is ample authority for the practice of the plaintiff in bringing an ancillary action to protect the jurisdiction of the court whose jurisdiction has been first invoked, and for applying for an interlocutory injunction in such an action. See Looney v. Eastern Texas Railroad Co., 247 U. S. 214, 38 S. Ct. 460, 62 L. Ed. 1084; Pacific Telephone & Telegraph Co. v. Agnew (C. C. A.) 5 F. (2d) 221.

For these reasons, the motion for an injunction restraining the prosecution of the actions and summary proceeding in the state court, pendente lite is granted, without any consideration of the merits of the original action; but, in order to prevent the injunction from operating to give the plaintiff the relief which may be given only by a statutory court, the motion is granted on the condition that the plaintiff diligently prosecute its pending motion for an interlocutory injunction in the original action, and does not in the meantime raise the fare, with leave to defendants to move to modify or vacate the injunction in this ancillary action, if plaintiff's application before the statutory court should be denied.