**Hilda C. CRAWFORD et al., Appellants,**

v.

**Paul COURTNEY et al., Appellees.**

**No. 71–1146.**

United States Court of Appeals, Fourth Circuit.

Nov. 24, 1971.

---

James E. Crawford, Baltimore, Md., on brief for appellants.

Peter L. Chakmakian, Harpers Ferry, W. Va., on brief for appellees.

Before BRYAN, CRAVEN and BUTZNER, Circuit Judges.

CRAVEN, Circuit Judge:

This case presents the difficult question of whether the district judge abused his discretion in declining the exercise of federal diversity jurisdiction. We think he not unreasonably abstained in favor of a state court having prior jurisdiction, and affirm the district court order dismissing the complaint in the federal court.

This litigation began as a land condemnation action in a state court of West Virginia. Pursuant to the state power of eminent domain, the Circuit Court of Jefferson County, West Virginia, awarded compensation to the landowners in the amount of $29,400, and the money was deposited in that court pending determination of who is entitled to the fund. A dispute arose over the distribution of the fund between the trustees of the church property condemned and the heirs of the grantor of the church property. The heirs based their title on the deed to the church, which provided: "should at any time in the future the property * * * cease to be used as a place of worship * * * then and in that event, said real estate shall immediately revert to and revest in [the grantors], their heirs or assigns in fee simple." West Virginia Code § 54-2-18 provides that in the event of conflicting claims the estate judge may appoint a commissioner to take evidence. The court or judge then determines "the right and claims of all persons entitled to the money. * * *" The district judge concluded there is no right to jury trial in the state court.

The parties before us are the same adverse claimants to the land and the resulting fund. While the state proceedings were pending, the heirs brought suit in the United States District Court for the Northern District of West Virginia to establish their asserted right to the fund. Federal jurisdiction exists because of diversity of citizenship. The church trustees, noting that the heirs' complaint sought declaratory relief, moved to dismiss on the ground that all issues could be determined in the proceedings pending in the Circuit Court of Jefferson County. The parallel proceedings in the state court to determine which of the parties is entitled to the fund apparently have been stayed, pending the outcome of the federal litigation.[1] From an order of the district court, 320 F.Supp. 964, granting

---

1. The "stay" was based upon a motion for continuance, which motion was filed on the ground that the federal court action was proceeding simultaneously.

the trustees' motion to dismiss, the heirs have appealed.

While it is true that federal courts are not free to pick and choose what cases will be decided, *compare* Cohens v. Virginia, 6 Wheat. 264, 404, 5 L.Ed. 257 (1821), *with* Ashwander v. T. V. A., 297 U.S. 288, 346–48, 56 S.Ct. 466, 80 L.Ed. 688 (1933), and that the inferior federal courts must usually exercise that jurisdiction conferred by the Congress, the rule is not entirely without exception. The doctrine of abstention or declination of jurisdiction is now well established, although its proper scope and application is not at all clear. C. Wright, Law of Federal Courts 196 (2d ed. 1970). *Compare* Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), *with* Younger v. Harris, 401 U. S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

If in the interest of federalism there is some measure of discretion to decline jurisdiction, we think this case a peculiarly appropriate one for the exercise of that discretion.

Historically, possession of the property in dispute by a state court precludes jurisdiction by a federal court over the same dispute.

There is an ancient and important rule, not confined to those cases which are technically in rem but applicable to all cases involving specific property, that where the property is in the actual possession of one court of competent jurisdiction, such possession cannot be disturbed by any other court.

1 W. Barron & A. Holtzoff, Federal Practice and Procedure 245 (1960).

Comity is the heart of this historic rule. If a state court holds the specific property in dispute and a federal court undertakes to determine the disposition to be made of that property, it is possible each may proceed on collision course.

The principle, applicable to both federal and state courts, that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted. It applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature, where, to give effect to its jurisdiction, the court must control the property. Farmers' Loan & T. Co. v. Lake Street Elev. R. Co. 177 U.S. 51, 61, 20 S.Ct. 564, 44 L.Ed. 667, 671. If the two suits are in rem or quasi in rem, so that the court must have possession or control of the res in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other. Penn General Casualty Co. v. Pennsylvania [Schnader ex rel.], 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850, 855. This principle is applied in the discharge of the long recognized duty of this court to give effect to such "methods of procedure as shall serve to conciliate the distinct and independent tribunals of the States and of the Union, so that they may co-operate as harmonious members of a judicial system coextensive with the United States."

\* \* \* \* \* \*

Even where the District Court has acquired jurisdiction prior to state proceedings, the character and adequacy of the latter proceedings in relation to the administration of assets within the state, and in the status of those assets, may require in the proper exercise of the discretion of the federal court that jurisdiction should be relinquished in favor of the state administration.

United States v. Bank of New York & Trust Co., 296 U.S. 463, 477–78, 480, 56 S.Ct. 343, 347, 80 L.Ed. 331 (1935).

We are not unaware of Mr. Justice Roberts' dictum in Princess Lida of Thurn and Taxis v. Thompson, 305 U.S.

456, 466–67, 59 S.Ct. 275, 83 L.Ed. 285 (1939). In that case the Court restated the mutually exclusive federal-state jurisdictional rule stated in United States v. Bank of New York & Trust Co., *supra*. It was said that "the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other. \* \* \*" *Id.* at 466, 59 S.Ct. at 280. To avoid unnecessary rigidity, Mr. Justice Roberts added a caveat that the *rule of exclusion* had no application to a case such as ours "wherein the plaintiff seeks merely an adjudication of his right or his interest as a basis of a claim against a fund in the possession of a state court, \* \* \*" *Id.* at 466–467, 59 S.Ct. at 281.

We have no thought that it does. *Princess Lida* means that the *second* court seeking to interfere with the *possession* of the first court is without jurisdiction to do so. It does not mean, we think, that the *second* court, although having undoubted coordinate jurisdiction, may not go yet another mile in pursuit of cooperative federalism and decline to adjudicate title to a fund possessed by the first court in an eminent domain proceeding.

Voluntary abstention within the sound discretion of the district court—as opposed to compulsory *Princess Lida*-type abstention—when a state court holds the property in dispute depends, we think, not upon facile applications of labels, whether "in rem" or "quasi-in-rem". However convenient such labels may be in a *Princess Lida* sense, beyond that they are mere abbreviated descriptions of situations pregnant with potential state-federal conflict. Here the district judge was wisely concerned with the harmonious functioning of our federal system. His application of comity, his deference to a state court of prior jurisdiction with some expertise presumably in the conveyancing and property law of West Virginia, was not, we think, unreasonable. Here there is little basis in fact for xenophobia—no reason to fear a provincial locally oriented jury. Moreover, this is a case involving "the special nature of eminent domain" proceedings which are "intimately involved with sovereign prerogative." Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 28–29, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959). Professor Wright has suggested that *City of Thibodaux* may be read to mean "that the grant of a stay in an eminent domain case is a matter of discretion for the trial court." C. Wright, Law of Federal Courts 201 (2d ed. 1970). It is apparent, also, that this case turns on a novel question of state law which only the Supreme Court of Appeals of West Virginia can definitively answer. A similar situation prompted abstention in *City of Thibodaux*.

Finally, it is important that the relief sought in federal court was simply a declaratory judgment. The district court was under no compulsion to exercise its jurisdiction under the Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202. Brillhart v. Excess Insurance Co. of America, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); C. Wright, Law of Federal Courts 205, 448 (2d ed. 1970).

"[W]here the federal court defers to avoid interference with state activities, dismissal of the action, rather than retention of jurisdiction pending a state determination, is normally appropriate." C. Wright, Law of Federal Courts 200 (2d ed. 1970).

Affirmed.