Avla PITTS

v.

**FIRST UNION NATIONAL BANK**

**No. CIV.A. WMN–01–4192.**

United States District Court, D. Maryland.

May 30, 2002.

K. Donald Proctor, Law Office, Margaret M. McKee, Towson, MD, for Plaintiff.

Stephen J. Hughes, Treanor, Pope & Hughes, Russell J. Pope, Pope and Hughes PA, Towson, MD, Joseph G. DeRespino, DeRespino Raeder and Dougher PC, Philadelphia, PA, for Defendant.

*MEMORANDUM*

NICKERSON, District Judge.

Before the Court are Plaintiff's Motion to Remand, Paper No. 8, and Defendant's Motion to Dismiss, Paper No. 7. Both motions have been fully briefed and are ripe for decision. Upon review of the pleadings and applicable case law, this Court determines that no hearing is necessary and that both motions will be denied.

Plaintiff, a Maryland resident, is the granddaughter of George and Lillie Ser-

geant of Philadelphia. At the time of George Sergeant's death in 1906, he left a will that established the George Sergeant Trust. Lillie Sergeant, who died in 1924, also executed a will which established the Lillie Sergeant Trust. Plaintiff is the sole surviving beneficiary of both trusts, which provide that upon the death of Plaintiff's mother, Alva Sergeant Flanagan, Plaintiff would receive the corpus of each trust, less proper charges. Ms. Flanagan died on March 9, 2000 at the age of 104. Complaint at ¶ 13.

The named trustee of both trusts was the Pennsylvania Company for Insurances on Lives and Granting Annuities, whose modern-day successor in interest is Defendant First Union National Bank. First Union and its predecessors have assumed all duties and liabilities associated with the management of the trusts since they were established. Complaint at ¶ 11.

George Sergeant's estate was probated in the Court of Common Pleas of Pennsylvania, Orphans' Court Division, in 1907. The docket entries from that court indicate that, in the George Sergeant Trust, accountings were filed by Defendant's predecessor and approved by the court twice, in 1940 and 1943.[1] It is undisputed that no activity relating to the trust has taken place in that court since 1943.

In a letter dated April 23, 2001, Defendant notified Plaintiff that the George Sergeant Trust and Lillie. Sergeant Trust were being prepared for termination and distribution to Plaintiff. The letter indicated that the George Sergeant Trust had been created in 1906 with a value of approximately $122,000.00, and had grown to a present market value of approximately $518,073.00. *See,* Complaint Exh. 3 (Letter dated April 23, 2001). The Lillie Sergeant Trust had begun in 1924 with ap-

proximately $149,000.00, and is presently valued at approximately $2,588,645.00. *Id.*

Upon learning of the apparent disparity in rates of growth for the two trusts, Plaintiff commenced this action against First Union, charging that Defendant breached its fiduciary duty as trustee of the George Sergeant Trust (Count 1) and acted negligently in administering that trust (Count 2). The Complaint also brings an action for accounting on the George Sergeant Trust, alleging that until her mother's death in 2000, Plaintiff had never been provided with quarterly or annual statements for the trust. Plaintiff originally brought suit in the Circuit Court for Baltimore County, and Defendant removed to this Court.

■ Plaintiff has moved to remand this case to the circuit court, asserting that diversity does not exist between the parties. The crux of Plaintiff's argument is that Defendant, as a national banking association, is a citizen of Maryland for diversity purposes because the bank maintains branch offices in this state. Defendant argues that it is a citizen only of North Carolina, where it maintains its principal place of business, and thus that diversity jurisdiction is proper.

Jurisdiction in suits by or against a national bank is defined, albeit imprecisely, in the United States Code, which states in pertinent part:

All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.

28 U.S.C. § 1348. Over the years, district court opinions have been divided as to the meaning of the term "located." Many

---

1. Also in 1940, the court appointed a guardian at litem for then minor Plaintiff, and in

1943 the court appointed a substitute co-trustee after to the death of Lillie Sergeant.

found that national banks ought to be deemed citizens wherever they maintain branch offices. *See, e.g., Connecticut Nat'l Bank v. Iacono*, 785 F.Supp. 30 (D.R.I. 1992); *First Union Corp. v. American Casualty Co.*, 2000 U.S. Dist. Lexis 19556 (W.D.N.C. Jan. 10, 2000); *Frontier Ins. Co. v. MTN Owner Trust*, 111 F.Supp.2d 376 (S.D.N.Y.2000). Others took a narrower view, holding that "located" refers only to the state where the bank maintains its principal place of business. *See, e.g., Financial Software Sys. v. First Union Nat'l Bank*, 84 F.Supp.2d 594 (E.D.Pa. 1999); *Baker v. First Am. Nat'l Bank*, 111 F.Supp.2d 799 (W.D.La.2000); *Lee Construction Co., Inc. v. Federal Reserve Bank*, 558 F.Supp. 165, 170 (D.Md.1982).

Until recently, no federal court of appeals had weighed in on the subject. In 2001, however, the Seventh Circuit issued an opinion that provides a comprehensive analysis and statutory interpretation of 28 U.S.C. § 1348. *Firstar Bank v. Faul*, 253 F.3d 982 (7th Cir.2001). The court reviewed the long history of federal jurisdiction over matters involving national banks, and relevant developments in federal legislation. After an in-depth application of canons of statutory construction and interpretation, the Court held that, " 'located' should be construed to maintain jurisdictional equality between national banks and state banks or other corporations.... Therefore ... for purposes of 28 U.S.C. § 1348, a national bank is 'located' in, and thus a citizen of, the state of its principal place of business and the state listed in its organization certificate." 253 F.3d at 993–94.

This Court finds the reasoning and analysis presented by the Seventh Circuit to be persuasive, and, in the absence of other binding authority, will follow the holding of *Firstar*. The Court notes that this result is the same as that reached previously by this Court when its last published decision on this question was issued twenty years ago. *See, Lee Construction Co., Inc.*, 558 F.Supp. at 170 (holding that "for diversity purposes ... a federally chartered bank is a citizen of the state in which its principal place of business is located.").

■ In its Motion to Dismiss, Defendant argues that this Court should abstain from exercising its jurisdiction over this matter because it would be more properly adjudicated in the Court of Common Pleas of Pennsylvania, Orphans' Court Division (hereinafter "Orphans' Court"). In support of this argument, Defendant relies primarily on *Reichman v. Pittsburgh National Bank*, 465 F.2d 16 (3d Cir.1972), where the Third Circuit held that although the federal district court had subject matter jurisdiction over a dispute involving the defendant's management of a testamentary trust, the court had properly abstained to allow the Orphans' Court to adjudicate the matter.[2]

The basis of the *Reichman* Court's holding was threefold. First, shortly after the federal complaint was filed, the defendant filed an accounting of the trust with the Orphans' Court, and the plaintiff and his fellow beneficiaries filed exceptions "making claims which parallel those contained in the complaint dismissed by the district court." *Id.* at 17. In explaining its affir-

**2.** Defendant also invokes *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939), which held that a court is divested of jurisdiction in an *in rem* or *quasi in rem* action when another court has taken possession or control of the property in question in a prior, similar proceeding. Here, not only is there no "prior proceeding" in the Orphans' Court,. but Plaintiff's action in this Court seeks to hold Defendant liable, from its own funds, to compensate Plaintiff for damages that she, as remainder beneficiary, has allegedly incurred. This is not an action *in rem* or *quasi in rem*.

mation of the district court's abstention, the *Reichman* Court explained that, in part, "we rely on the substantial identity of the issues raised in Orphans' Court with those presented in the district court . . . ." *Id.* at 18. The court also recognized "the special ability of the state court to decide issues in view of its exclusive state jurisdiction over trusts and estates." *Id.* Finally, the court noted that because only the Orphans' Court would have jurisdiction over the plaintiff's fellow beneficiaries, "efficiency and convenience would best be served" by allowing the matter to proceed there. *Id.*

The instant case is easily distinguishable from *Reichman*. Here, there has been no activity in the Orphans' Court related to the George Sergeant Trust for almost 60 years, and there are no claims pending there.[3] Plaintiff is the sole beneficiary, and the entire dispute would be resolved by this Court, with no additional litigation required elsewhere. Furthermore, this case is factually and procedurally distinguishable from the other two Pennsylvania cases cited by Defendant, both of which relied heavily on *Reichman. See, Ryan v. The Pennsylvania Banking and Trust Company,* 519 F.2d 572 (3d Cir.1975) (basing abstention decision on "unresolved state law questions" involved in claim to restore to the trust income allegedly diverted therefrom); *In re Henrietta Auerbacher,* 616 F.Supp. 532 (E.D.Pa.1985) (holding that, where defendant beneficiary sought to remove dispute over management of trust from Orphans' Court, the federal court lacked jurisdiction, but, in

the alternative, that abstention would be proper).

Perhaps more importantly, this case does not present the "special circumstances" that justify federal abstention. *See, Wohl v. Keene,* 476 F.2d 171, 174 (4th Cir.1973). *See also, Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (addressing "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them"). The Supreme Court has long held that, particularly in diversity cases, the doctrine of abstention is especially limited:

> In the absence of some recognized public policy or defined principle guiding the exercise of jurisdiction conferred, which would in exceptional cases warrant its non-exercise, it has from the first been the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment.

*Meredith v. City of Winter Haven,* 320 U.S. 228, 234, 64 S.Ct. 7, 88 L.Ed. 9 (1943).

Defendant has presented no public policy nor "defined principles" that compel this Court to abstain. First and foremost, this Court's exercise of jurisdiction would create no readily apparent problems of comity or efficiency, since the Orphans' Court has not exercised jurisdiction over the George Sergeant Trust since the 1940's, and no action is pending there. Second, this matter does not appear to raise any unsettled questions of Pennsyl-

---

3. Prior to commencing this action, and apparently prior to learning the account balances of the trusts, Plaintiff waived her right to a formal accounting of the trusts, which presumably would have been filed with the Orphans' Court. Defendant argues that Plaintiff's waiver is the reason that no claims are pending in Orphans' Court, and therefore

that Plaintiff should not reap the benefit of her own waiver by being permitted to proceed in federal court. This Court is not persuaded, however, that its decision whether to abstain ought to turn on the particular reasons for the absence-or presence-of pending state court claims.

vania law that only a state tribunal could authoritatively construe. *See, Crawford v. Courtney*, 451 F.2d 489, 492 (4th Cir.1971). The common law issues underlying the fiduciary duties of a trustee are well-established, and whether the Orphans' Court may have more "expertise" in their application is not itself justification for this Court to abstain. Finally, Plaintiff's claims do not call upon this Court to probate a will or administer an estate, duties which are not within the scope of federal jurisdiction, and which would merit abstention. *See, Turja v. Turja*, 118 F.3d 1006 (4th Cir.1997). *See also, Monahan v. Holmes*, 139 F.Supp.2d 253, 259 (D.Conn. 2001) (noting that the federal probate exception does not apply to trust cases).

For the foregoing reasons, Plaintiff's Motion to Remand and Defendant's Motion to Dismiss will be denied. A separate order will issue.

### *ORDER*

Pursuant to the foregoing memorandum, and for the reasons stated therein, IT IS this day of May, 2002, by the United States District Court for the District of Maryland, ORDERED:

1. That Defendant's Motion to Dismiss (Paper No. 7) is hereby DENIED;

2. That Plaintiff's Motion to Remand (Paper No. 8) is hereby DENIED; and

3. That the Clerk of the Court shall mail or transmit copies of the foregoing memorandum and this order to all counsel of record.